THE STATE, Respondent, v. FRED. BIEBUSCH, Appellant.

*Indictment—Bribing witness.*—In an indictment, under Sec. 9, Art. V., Ch. 50, R. C. 1855, p. 601, it is not necessary to state that the testimony of the witness was material, nor that he had been summoned as a witness. Nor is it necessary to charge that the attempted bribery was with intent to impede and obstruct the due course of justice. Nor is it necessary to state the kind or amount of money or property offered to the witness. Nor is it necessary to state the intent of defendant. And when the attempt was made to induce a witness to absent himself, so as to prevent his giving testimony before a justice of the peace in a criminal proceeding, it will be sufficient to allege that the justice had jurisdiction of the matter heard before him.

State v. Biebusch.

*Appeal from St. Louis Criminal Court.*

*James C. Jones,* for appellant.

I. The count under which defendant was convicted was defective. (R. C. 601, Art. 5, § 9.) The essence of the offence was obstructing the due course of justice.

It does not allege that the testimony of Polk was material.

It does not allege that a subpœna or other process had been, or was about to be, issued or served upon Polk.

The simple averment that Polk was a witness was not sufficient, unless it be shown that he had been notified, or was relied upon. (Wharton's Prec. 606 ; 2 Bouv. L. Dic. 658 ; Burr. L. Dic., tit. Witness.)

II. It is not alleged that the justice was at the time an acting justice of the peace. Such an averment in an indictment for perjury is necessary. (Reg. v. Rawlings, 8 C. & P. 349.)

III. The allegation that the defendant " did directly or indirectly attempt," is bad for uncertainty and duplicity.

IV. It is not alleged that the attempted bribery was done with the intent to obstruct and impede the due course of justice. (State v. Lovett, 3 Verm. 110.)

V. If money or property was offered or paid by way of bribery, the kind and amount should be alleged. (Moore v. State, 6 Conn. 9 ; 7 Ired. 52.)

VI. The nature and character of the offence with which defendant stood charged before the justice is not sufficiently alleged, nor is it alleged that defendant was guilty of the charge.

*Voullaire,* for the State.

I. The materiality of the testimony of the witness Polk is not the question ; the statute says " any witness." (State v. Early, 3 Harrington, 562 ; Whart. Crim. L. 763 ; State v. Johnson, 7 Blackf. 49 ; State v. Hall, 7 Blackf. 25.)

II. It was not necessary to state that the witness was

subpœnaed, or that a subpœna issued for him. (State v. Keys, 8 Verm. 57 ; Commonwealth v. Knight, 12 Mass. 274.)

It was sufficient to state that defendant knew that Polk was a witness for the State. (State v. Carpenter, 20 Verm. 9.)

III. The indictment strictly follows the language of the statute. (State v. Holding, 1 McCord, 31 ; State v. Vaughan, 4 Mo. 530.)

BATES, Judge, delivered the opinion of the court.

The defendant was indicted in the St. Louis Criminal Court for attempting to bribe a witness. He was tried and convicted. Objections were made in the Criminal Court to that count of the indictment under which he was convicted, which were overruled by the court, and he now seeks to reverse the judgment for the insufficiency of the indictment.

The indictment charged that he " unlawfully and corruptly did, directly and indirectly, attempt, by bribing, to induce one William M. Polk to absent himself for the purpose of avoiding giving evidence in a certain cause, matter and proceeding, then duly pending before Philip McDonald, one of the justices of the peace of the county of St. Louis, in and for the ninth ward of the city of St. Louis, in said county, wherein the State of Missouri then was the plaintiff, and he, the said Fred. Biebusch, then was the defendant; wherein the said Fred. Biebusch then stood charged with a certain felony, to-wit, forgery in the second degree, and in which said cause, matter and proceeding, he, the said William M. Polk, then was a witness for and in behalf of the State of Missouri, and against him, the said Fred. Biebusch, and of which said cause, matter and proceeding, he, the said Philip McDonald, justice of the peace as aforesaid, then and there had competent jurisdiction for the preliminary examination thereof. And so the grand jurors aforesaid, upon their oath aforesaid, do say that he, the said Fred. Biebush, then and there, well knowing him, the said William M. Polk, to be a witness for and in behalf of the State of Missouri in the cause, matter and proceeding aforesaid, then pending before Philip McDonald,

justice of the peace as aforesaid, unlawfully and corruptly, did, directly and indirectly, attempt, by bribery, to induce him, the said William M. Polk, witness as aforesaid, to absent himself for the purpose of avoiding giving evidence in the cause, matter and proceeding aforesaid against him, the said Fred. Biebusch, against the peace," &c.

The indictment is founded upon the 9th sec. of the 5th art. of the act concerning crimes and punishments, (1 R. C. 601.) It is objected to the indictment—

1. That it does not state that the witness' testimony was material, nor that he had been summoned as a witness.

2. That it is not charged that the justice of the peace, before whom the proceeding was pending, was an acting justice.

3. That it is not charged that the attempted bribery was with intent to impede and obstruct the due course of justice.

4. If money or property was offered as a bribe, the kind and amount thereof should have been stated.

5. The nature of the offence with which the defendant stood charged before the justice is not sufficiently set forth, nor is it alleged that the defendant was guilty of said charge.

None of these objections are good. The law defining the offence refers to any witness, whether his testimony be material or not, or whether he be summoned or not.

It is averred that the justice had jurisdiction of the matter, and our law knows no justices but acting justices.

The intent with which the defendant attempted to induce the witness to " absent himself for the purpose of avoiding giving evidence" is of no importance further than as it is alleged. The crime consists in the attempt, and not in the intent of the attempt, and it was unnecessary to allege that it was with intent to impede the due course of justice. And so, also, it is of no importance what was the kind and amount of the bribe, or what was the nature of the case pending before the justice—which is, however, very plainly charged.

Judgment affirmed. Judges Bay and Dryden concur.