State v. Murphy.

THE STATE v. MURPHY, *Appellant.*

Division Two, November 9, 1897.

1. **Practice:** PRESUMPTIONS IN CRIMINAL TRIALS. Nothing is to be presumed against a defendant on trial for alleged crime, but every reasonable presumption of his innocence must be indulged.

2. **Larceny:** BANK CHECK: INSUFFICIENT PROOF. Defendant was convicted of grand larceny. He was charged of stealing $29.35 in money and a check for $1.35, but the indictment did not show the date of the check, nor by whom nor upon what bank it was drawn, nor did the evidence show these things, but it did show the check was of the value of $1.35. *Held*, that in the absence of proof that the check was drawn upon some particular bank or banking house, in favor of some person named in the check or to bearer, and signed by the person to whom drawn, defendant could not be convicted of grand larceny.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*John T. Harding* for appellant.

(1) The demurrer to the evidence interposed by defendant at the close of plaintiff's case should have been sustained. The evidence was not sufficient to warrant a conviction. *State v. Jones*, 106 Mo. 313. (2) No conviction of grand larceny can be had unless the property stolen is of the value of $30. The value must be shown. Lowry, by a guess, fixes the amount stolen at $29.35. He could not place any value on the check. If defendant is guilty of any crime, it is petit larceny. R. S. 1889, sec. 3535; *State v. Krieger*, 68 Mo. 98. (3) There was no evidence upon which to

predicate an instruction for grand larceny. *State v. Brady*, 87 Mo. 142; *State v. Herrell*, 97 Mo. 105. (4) The court should have sustained defendant's objection to evidence appertaining to the check. It was not sufficiently described in the indictment.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendant was convicted of the crime of grand larceny. The indictment is sufficient to support the verdict. R. S. 1889, sec. 3529; *State v. Hecox*, 83 Mo. 531; *State v. Owens*, 79 Mo. 620. (2) The evidence presents a clear inference of guilt. The general rule is that where an inference of guilt can reasonably be drawn the appellate court will not disturb the finding of the triers of fact. The verdict accords with both the law and the evidence.

BURGESS, J.—At the November term, 1896, of the circuit court of Vernon county, Missouri, the defendant was indicted by the grand jury of said county and charged with burglary in the second degree, and grand larceny. He was put upon trial at the same term of said court and acquitted of the burglary, but convicted of grand larceny, and his punishment fixed at two years' imprisonment in the penitentiary. From the judgment of conviction and sentence he appeals.

With respect to the larceny the indictment charges that the defendant did "two five dollar bills of paper currency of good and lawful money of the United States of the value of ten dollars, and one ten dollar bill of paper currency of good and lawful money of the United States of the value of $10 of good and lawful money of the United States, and eight dollars and thirty-five cents of silver coin of good and lawful money of the

United States and of the value of $8.35 of good and lawful money of the United States, aggregating $29.35, and one check for the sum of one dollar and thirty-five cents of the value of one dollar and thirty-five cents, all of which said money and check are of the total value of $31.70, and of the personal property, goods and chattels of one J. P. Lowry, then and there in the said store building being found, did then and there feloniously, burglariously steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

The evidence tended to show that defendant stole the money and check as charged in the indictment, but it did not show the date of the check, nor did it show by whom or upon what bank it was drawn. It did show, however, that the check was of the value of $1.35. Without the check the amount stolen was only $29.35, and was not sufficient to constitute the crime of grand larceny under section 3535, Revised Statutes 1889, which provides that: "Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, right in action, or other personal property or valuable thing whatsoever, of the value of thirty dollars or more . . . . . . . belonging to another, shall be deemed guilty of grand larceny."· Defendant insists that the charge in the indictment and the evidence with respect to the check were so indefinite and uncertain that there was an entire failure of proof in regard thereto, and no evidence to sustain the charge of grand larceny.

"A check is a draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds for the payment at all events of a certain sum of money, to a certain person therein named, or to him or his order, or to bearer, and payable instantly on demand." 3 Am. and Eng. Ency. of Law, 211. It

is elementary law that nothing is to be presumed against a defendant on trial for alleged crime, but that every reasonable presumption of his innocence must be indulged in his favor; therefore, in the absence of proof that the check was drawn upon some particular bank or banking house in favor of some person named in the check, or to bearer, and signed by the person by whom drawn, it was no more than a blank piece of paper and of no actual value, and evidence that it was of the value of $1.35, without more, was entitled to no consideration. Section 22 of our bill of rights declares that: "In criminal prosecution the accused shall have the right to demand the nature and cause of the accusation." To this end "the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offense, and the defendant be put upon his trial in chief for another, without any authority." 1 Chitty, Crim. Law, 169; *State v. Stowe*, 132 Mo. 199; *State v. Krueger*, 134 Mo. 262; *State v. Barbee*, 136 Mo. 440.

The charge in the indictment with respect to the check as well as the evidence adduced with regard thereto, were too indefinite and uncertain to be taken into consideration in determining the value of the check with which defendant was charged with stealing, without which there was no evidence to sustain the charge of grand larceny.

The judgment is therefore reversed and the cause remanded for further trial. GANTT, P. J., and SHERWOOD, J., concur.