STATE OF MISSOURI, RESPONDENT, v. MATT TUMMONS AND HARLEY
TUMMONS, APPELLANTS.—37 S. W. (2d) 499.

In the Springfield Court of Appeals.   Opinion filed April 3, 1931.

*Frank S. Sea* and *T. H. Douglas* for appellants.

*Willard B. Leavitt*, Prosecuting Attorney, for respondent.

SMITH, J.—This is a prosecution, by indictment, against Matt Tummons and his son, Harley Tummons, under section 3134, Revised Statutes 1919, now 3886, Revised Statutes 1929, wherein the defendants are charged with inducing one Sam Burks to absent himself so as not to appear as a witness against Matt Tummons and Jack McCarthy in certain cases then alleged to have been pending in the circuit court of Polk county, Missouri.

On the 29th day of June, 1929, Matt Tummons had been arrested charged with sale of hootch, moonshine, and corn whiskey. He was charged in the affidavits filed before Harry T. West, justice of the peace, with three sales of hootch, moonshine and corn whiskey on three different dates in the month of June, 1929. Jack McCarthy was arrested the same day, charged with a similar offense.

On July 6, 1929, they had their preliminary hearings before said justice, and were bound over to the circuit court to answer said charges. On the 11th day of July the justice of the peace filed his transcript of record in all four cases, together with the original affidavits and bonds in the cases, in the office of the clerk of the circuit court.

No informations were filed by the prosecuting attorney until the 10th day of September, 1929, at which time he filed informations respectively against Matt Tummons and Jack McCarthy charging Matt Tummons with sale of hootch, moonshine, and corn whiskey, and Jack McCarthy with sale of moonshine.

On January 6, 1930, a grand jury was empaneled, and later returned the indictment herein against Matt Tummons and Harley Tummons, the defendants herein and Jack McCarthy and F. M. (Fritz) McCarthy, all being included in one indictment in four counts. In three counts the defendants are charged with hiring Sam Burks to leave the State and not appear as witness in cases then alleged to have been pending against Matt Tummons, and the other count of inducing Burks to leave the State so as not to appear as a witness in the case alleged to have been pending against Jack McCarthy.

The indictment charged the alleged offense to have been committed on the 20th day of August, 1929, three weeks before the prosecuting attorney filed informations against Matt Tummons and Jack McCarthy. F. M. McCarthy was not apprehended, and Jack McCarthy took a severance.

On the 19th day of February, 1930, defendants Matt Tummons and Harley Tummons, were put upon trial to a jury in the circuit court of Polk county, Missouri. The jury returned a general verdict of guilty against these defendants and assessed Matt Tummons' punishment at two years in the penitentiary, and Harley Tummons' punishment at six months in the county jail and a fine of $100.

A motion for new trial was filed and overruled and an appeal was taken to the Supreme Court of this State. Upon motion of attorney-general the Supreme Court transferred the case to this court because the offense of which the defendants were convicted is a misdemeanor.

Section 3886, Revised Statutes 1929, specifically provides that every person violating said section shall be deemed guilty of a misdemeanor, and provides that under certain circumstances therein described, the person so offending shall be punished by imprisonment in the penitentiary, or by a jail sentence and a fine. Our Supreme Court has held that the general assembly has the power to grade the offense of bribery of a witness to absent himself, and to make it a felony or misdemeanor, and if it makes it a misdemeanor it can fix the punishment at imprisonment in the penitentiary or in the county jail or fines. That is on the theory that if a special provision

of the statute applicable to a particular subject be inconsistent with the general law, the special will prevail. [State ex rel. Butler v. Foster, 187 Mo. 590, 86 S. W. 245; State ex rel. Stinger v. Kroger, 280 Mo. 293, 217 S. W. 310.]

Upon the authority of the opinions above cited, and upon the direct command of the Supreme Court in this instance, this case is before us for consideration as a misdemeanor even though the punishment of one of the defendants was fixed at two years' imprisonment in the penitentiary.

The defendants submit five reasons under their points and authorities for reversal of this case. We shall consider them in the order submitted. First, they say the venue of the cause was not in Polk county, but was in Greene county, and that when this fact was developed by the evidence that it was the duty of the trial court to have halted the proceedings in Polk county and ordered papers and proceedings certified and transmitted to the circuit court of Greene county.

Section 3886, Revised Statutes 1929, provides that ''Every person who shall, by bribery, . . . directly or indirectly induce or attempt to induce any witness, . . . to absent himself or avoid a subpoena or other process, or to withhold his evidence, or shall deter or attempt to deter from appearing or giving evidence in any cause, matter or proceeding, civil or criminal, . . . every person offending against the provisions of this section, shall be deemed guilty of a misdemeanor: . . .''

The indictment in this cause is in four counts. The first three counts charge the defendants with bribery of the witness Sam Burks, and attempting to induce him to absent himself and not give testimony in three causes then pending against Matt Tummons wherein Matt Tummons had been held for his appearance at the circuit court of Polk county, to answer charges on three separate and distinct offenses of selling intoxicating liquor to-wit: hootch, moonshine, and corn whiskey, on each of the days, June 23, 1929, June 27, 1929, and on June 28, 1929. Each of the first three counts of the indictment after alleging the date of the sale of the intoxicating liquor by Matt Tummons, and the date of the bribery on the part of the defendants in Polk county contained this language: ''And so the grand jurors aforesaid upon their oath aforesaid do charge that they, the said Matt Tummons, Harley Tummons, Jack McCarthy, and F. M. McCarthy, then and there well knowing him, the said Sam Burks, to be a witness for and on behalf of the State of Missouri, in the said cause, matter and criminal proceeding aforesaid, then and there duly pending in the said circuit court of Polk county aforesaid, said circuit court then and there having jurisdiction in said cause, matter and criminal proceeding aforesaid, then and there unlawfully and corruptly, did, directly and indirectly,

bribe and induce him, the said Sam Burks, the witness aforesaid, to absent himself for the purpose of avoiding giving evidence in the said cause, matter and criminal proceeding then and there duly pending in the said circuit court of said Polk county, the said circuit court then and there having jurisdiction in said cause, matter and criminal proceeding aforesaid, against the peace and dignity of the State.''

The fourth count of said indictment charged the defendants with bribery and inducing the witness Sam Burks to absent himself, and not testify in the case pending in the circuit court of that county, against Jack McCarthy, wherein Jack McCarthy stood charged with a felony, to-wit: the unlawful and felonious sale on June 29, 1929, of intoxicating liquor to-wit: moonshine.

The testimony in this case was conclusive that the money paid Sam Burks and the ticket given to him to go to California were given to him in Greene county, but there was competent testimony sufficient to go to the jury that these defendants offered and promised to make the payments and agreed upon the plans with Sam Burks and induced him in Polk county to go away and not testify in these cases. Where then was the venue? Was the bribery committed in Polk county or in Greene county? The defendants claim in Greene county. If so, the circuit court of Polk county was without jurisdiction.

The statute says that if a person shall by bribery induce a witness to absent himself he shall be guilty. What then is a bribe and what is bribery? We find in Bouvier's Law Dictionary, the following definitions: ''Bribe. The gift or promise, which is accepted, of some advantage as the inducement for some illegal act or omission; or of some illegal emolument, as a consideration for preferring one person to another, in the performance of a legal act.''

''Bribery. The receiving or offering any undue reward by or to any person whomsoever, whose ordinary profession or business relates to the administration of public justice, in order to influence his behavior in office, and to incline him to act contrary to his duty and the known rules of honesty and integrity.''

In 4 R. C. L., at page 177, we find this definition: ''Bribery is the offering, receiving or soliciting of anything of value with intent to influence the recipient's action as a public official either executive, legislative, or judicial.''

In Corpus Juris we find these definitions: ''A bribe is a price, reward, gift or favor bestowed or promised, with a view to pervert the judgment or corrupt the conduct of a judge, witness, or other person; something of value which is given or attempted to be given by the briber to one intended to be bribed to do some illegal or omit the doing of some legal act.'' [9 C. J., section 1, page 402.]

"Any attempt to influence an officer in his official conduct by the offer of a reward or pecuniary consideration constitutes the offense of bribery, and the crime is complete without the tender or production of the money; and personal participation is not necessary, the accomplishment of the act through the agency of others being sufficient." [9 C. J., page 403, section 2.]

It will be noted that some of these definitions refer to officials and official conduct. Originally bribery had reference to the act of inducing an official in his conduct, but by statute in this State it has been broadened so as to include a witness in court. The defendants have cited us·many cases as to the venue of the commission of criminal acts, but we think none of them are applicable in all respects here. At least none of them bear out their contention that the venue is where the money was actually paid. And we have found no cases in this State directly on the point, but it will be noticed that in the definitions of the word *bribe* that none of the authorities limit it to the actual money or thing, but the word is broad enough, and each definition does include the *offer* and *promise*. So we find the definitions of the word *bribery* broad enough to include the word *offering* anything of value, and we find at page 403 of 9 C. J. that "The crime is complete without the tender or production of the money."

Our Supreme Court has held that it is not necessary to allege the value and kind of money received as a bribe. [State v. Meysenburg, 171 Mo. 1, 28, 71 S. W. 229.]

Our Supreme Court has held under a charge of attempting to corrupt a juror that it is as much a crime to offer to give a bribe as it is to actually tender him a bribe, and that under the statute then under consideration the statute included the corrupt attempt. State v. Woodward, 182 Mo. 291, 81 S. W. 875, and in State v. Miller, 81 S. W. 867, 182 Mo. 370, at page 284, the court said: "The crime is made up of the attempt thus to influence a juror upon such attempt being made, whether successful or not, the crime is consummate." We realize the statute then under consideration is different from this, yet in view of the general and accepted definitions of bribery we think the essence of the offense is the intent to thwart justice and the attempt to induce the witness to absent himself. The court before which the witness was to appear was in Polk county. The evidence tended to show that the intent to keep the witness from testifying, as well as the attempt, was in Polk county, and the testimony as to the payment of the money and the delivery of the ticket in Greene county was competent, not only to corroborate the evidence of the attempt in Polk county, but also to show the intent within the minds of the defendants at the county of Polk. Our conclusion is that the act of bribery was completed when the plans were made and the agreement was made in Polk county, and

that the delivery of the money and ticket in Greene county was competent evidence of the crime committed in Polk county, and that the venue was properly in Polk county.

In the second assignment the defendants claim that their instruction in the nature of a demurrer should have been given at the close of the State's case, because at the time of the alleged offense, August 21, 1929, there was no case pending against Matt Tummons or Jack McCarthy, because the informations against them were not filed until the 10th day of September, 1929, although they had been given preliminary hearings before the justice of the peace on July 6, 1929, and held for their appearance at the circuit court of Polk county, which convened on the 16th day of September, 1929. The transcript of the justice of the peace was filed with the clerk of the circuit court on July 11, 1929. At the preliminary hearing the witness Sam Burks was placed under bond for his appearance at the next term of circuit court, and was under that bond when he absented himself.

We have been cited no Missouri cases directly on this point, nor have we found any, but our statute seems clear on this point. It provides that every person who shall by bribery induce or attempt to induce any witness to absent himself or shall deter him from appearing or giving evidence in any cause, *matter* or *proceeding,* civil or criminal, shall be deemed guilty of a misdemeanor. The record shows that a preliminary hearing was had in which the defendant was bound over to court and the witness Burks was recognized to appear at the same term of court to which the defendant had been held to appear under bond. The transcript of the justice of the peace had been filed with the same circuit court clerk, and the whole matter was in the office of the said clerk on the date of the alleged offense of bribery, August 20, 1929. It would be going too far to say that Burks was not a witness to give evidence in the *matter* or *proceeding* in the circuit court, simply because the prosecuting attorney had not filed his information in that *matter* or *proceeding* at the time of the bribery. So we must rule this point against the defendants.

Under the third point defendants contend that it was error for the court to receive the general verdict of the jury. The defendants were charged in four separate counts in the indictment with one offense. They claim it was the duty of the trial court to require the State to elect on which count or counts of the indictment it would proceed, and that it was error when the court overruled their motion to elect.

We think it was not error for the court to refuse to require the State to elect on which count it would stand, and that no error was committed in receiving a general verdict. While there were four counts in the indictment, yet each count charged the bribing of the witness to absent himself so as not to give testimony in the pro-

ceeding pertaining to the charges of felonies instituted before a justice of the peace and which were transmitted by him to the clerk of the circuit court. Three of the these charges were against Matt Tummons for feloniously selling intoxicating liquor, to-wit: hootch, moonshine, and corn whiskey, on three separate dates, and one was against Jack McCarthy for the felonious sale of intoxicating liquor to-wit: moonshine. At the time of the preliminary hearing of Jack McCarthy the charge against him was a felony, and at the time of the bribery the matter or proceeding pending against him in the circuit court was a proceeding under a charge of having committed a felony. The fact that the prosecuting attorney testified that he later changed the grade of the offense against Jack McCarthy to that of a misdemeanor is not material here. At the time of committing the bribery as alleged in the indictment in this cause there were four criminal proceedings pending.

These counts in the indictment all refer to one transaction on the part of these defendants, that is, the bribery, as hereinbefore defined, on their part of the witness Burks. There was only one bribery, and although it was charged under four counts, yet, there could be but one punishment, or, in other words, since there was only one transaction of bribery, there could be punishment only once under the indictment, and since the proceedings against the defendants were pertaining to felonies, the punishment against both of the defendants could have been imprisonment in the penitentiary as was the verdict against Matt Tummons, or at imprisonment in the county jail for six months and a fine of one hundred dollars as was the verdict against Harley Tummons. But since there could be but one verdict, and that verdict would be a bar to a punishment under any other count in the indictment, no election was necessary, nor was any special verdict required.

What we have said under the third point answers the complaint under the fourth point that the first instruction was erroneous in that it commingled the four counts of the indictment and gave the jury a roving commission to find defendants guilty. There is no merit to this point.

Under the fifth point the defendants attack the second instruction given by the court, and claim that it was an undue comment on the evidence, and that it was primarily based on a conspiracy, while a conspiracy was not alleged in the indictment. Instruction No. 2 is lengthy, and we shall not copy it in full, but it told the jury that if it found and believed from the evidence that on the 20th day of August, 1929, and prior thereto, there were three cases pending in the circuit court of Polk county wherein Matt Tummons was charged with selling hootch, moonshine, and corn whiskey, and one case pending in said circuit court against Jack McCarthy wherein he was charged with selling intoxicating liquor moonshine, and that

the witness Sam Burks had been recognized to appear as a witness for the State in these cases, "and if you further believe and find from the evidence that the defendants, Matt Tummons and Harley Tummons, and one Jack McCarthy and one F. M. McCarthy, entered into a common design or plan, in Polk county, Missouri, to induce the witness, Sam Burks, to absent himself and to avoid giving his evidence as a witness in said cases, and if you further find that in furtherance of such common design and plan the defendant, Matt Tummons, and said Jack McCarthy induced said Burks to enter into an agreement to go to the State of California, if they, the said Matt Tummons and Jack McCarthy, would buy said Burks a ticket to California, and would furnish him with certain money, and if you further believe and find from the evidence that in pursuance and furtherance of such plan and common design, that said Harley Tummons and F. M. McCarthy took said Burks in an automobile from in or near Bolivar, Polk county, Missouri, through the town of Brighton, in Polk county, and if you further find that said Harley Tummons, at Brighton, in Polk county, cashed a check drawn in his favor by the defendant, Matt Tummons, for the sum of forty-five dollars, and if you further find from the evidence that said money, or any part of it was given to said Burks, or used to help purchase a ticket to California for said Burks, and that said check was so drawn by the defendant, Matt Tummons, and cashed by said Harley Tummons, and that the said money was so used, and intended to be used, by the defendants in carrying out a plan or common design on the part of the defendants and said McCarthys, to send said Burks to the State of California and thereby prevent him from appearing as a witness in any of said cases, then you would be warranted in finding that the offense defined in the first instruction was committed in Polk county, if you find that such offense was committed by the defendants."

We think this instruction is not an erroneous comment on the evidence, nor is it an instruction based on a conspiracy. The defendants were contending that there was no bribery until the money was paid and the ticket delivered which was shown by the evidence in Greene county. This instruction was telling the jury that if the agreement or plan was made in Polk county, and if the arrangement for the payment of money was made in that county that the jury would be justified in finding that the offense was committed in that county. This is the reasonable view to take of the matter. Suppose the defendants had entered into this agreement in Polk county, but instead of agreeing to buy the ticket to California and to give the witness $22 in money, they had promised and agreed with him that if he would go to California and not appear in these cases, that within six months after the cases were over, they would bring to him and give to him one thousand dollars in California, and they

kept their promise and later paid him the money in California. Under such circumstances no one could well say that the venue was in California, and not in Polk county where the plans were laid and the agreement made.

Defendants complain of error in refusing their instructions lettered B and C. These instructions were properly refused because they told the jury that unless it found that the money or some part of it was actually paid in Polk county that there was no bribery and they should acquit the defendants.

The judgment is affirmed. *Cox, P. J.,* and *Bailey, J.,* concur.