## Commonwealth v. Jacobs et al.

*S. V. Hosterman*, special assistant district attorney, for Commonwealth.

*J. Farrell Garvey*, for defendant.

SCHAEFFER, P. J., March 27, 1942. — William D. Jacobs, Jr., one of the defendants, was indicted on two charges for bookmaking. The jury found him guilty on both indictments. He has applied for a new trial. Ten witnesses testified for the Commonwealth. De-

fendant admitted on the witness stand that he was engaged in bookmaking in Lancaster County until August 1940, but contends that he is entitled to immunity from arrest and prosecution for bookmaking by virtue of his written statement. It is dated July 21, 1941, and no objection was made to its admission in evidence. In it defendant states, inter alia:

"I, William D. Jacobs, of my own free will without any means of force, fear, threats, promises of reward or leniency, do make the following statements knowing that the same can be used in court."

At the time of the written statement, defendant was not under subpœna as a witness nor was he under arrest. He became a fugitive and did not appear in court at the time the others pleaded guilty to bookmaking, but was subsequently arrested. Defendant claims that this written statement was to be used only in the prosecution against Edward P. Mellinger and others for bookmaking.

Defendant relies upon the Criminal Code of March 31, 1860, P. L. 382, sec. 58, which has not been repealed and which is limited in its application to unlawful gambling. It provides:

"No witness shall be excused, under any allegation or pretense whatsoever, in any prosecution or proceeding for unlawful gambling, from giving his testimony touching the same; but no evidence given, or facts divulged by him, shall be used or employed against him in any criminal prosecution whatever."

Article I, sec. 9, of the Constitution of Pennsylvania provides that one cannot be compelled to give evidence against himself. In Commonwealth v. Tracey, 137 Pa. Superior Ct. 221 (1939), it was decided that this applies to witnesses as well as the accused. In certain cases this privilege is taken by statute from a party or a witness by requiring such party to testify, but such party is then entitled to immunity with respect to such testimony. There are various immunity statutes in

Pennsylvania but they are not uniform in their phraseology or scope. In Commonwealth v. Murr et al., 37 Lanc. L. R. 585, Landis, P. J., it was decided that the Act of July 1, 1919, P. L. 710, does not prevent the admission in evidence, in a criminal trial for arson, of a confession made by the defendant to the State Police where the confession was voluntary, not under oath, after warning that it would be used against him, and not made on his attendance by virtue of a subpœna at an inquiry or investigation of the State Police sitting as members of the bureau of fire protection under the Act of 1919, but after his arrest on suspicion. It may be said that the language of the Act of 1919, supra, is broader than the Act of 1860 involved in the instant case. It relates to inquiry and investigation and permits the Department of State Police, or its assistants, to subpœna witnesses and administer oaths for the investigation, proceeding or inquiry. In Commonwealth ex rel. Magilner v. Magistrate Hamburg et al., 104 Pa. Superior Ct. 221, it was held that section 14 of the Act of March 27, 1923, P. L. 34, relating to intoxicating liquors, creates immunity only as to those witnesses who testify for the Commonwealth in obedience to a subpœna issued in its behalf. The Act of 1923, supra, relates specifically to testimony given ". . . in obedience to a subpœna of any court in any suit or proceeding based upon, or growing out of, any alleged violation of this act . . ." In Commonwealth v. Bolger, 229 Pa. 597, it was decided, relative to self-incriminating testimony, that it is only when one is called upon actually to testify as to self-incriminating facts that he can set up his privilege.

The Immunity Act of 1860 in question expressly refers to the testimony of a witness in any prosecution or proceeding for unlawful gambling. The written statement made by defendant to the State Police, which was offered in evidence without objection and the truth of which was admitted by defendant under oath in

court, was found by the jury to have been made voluntarily. It was not made in response to a subpœna or under oath. Defendant contends that a witness is not necessarily a person who has actually been subpœnæd or sworn, "but is a person who the Commonwealth knows or presumes to know has certain knowledge of a certain subject or fact," citing State v. Tummons et al., 225 Mo. App. 429, 37 S. W. (2d) 499, State v. Desforges, 47 La. Ann. 1167, 17 So. 811, and Brown v. State, 44 Ga. App. 420, 164 S. E. 107. Statutes of immunity should be construed reasonably, but it is evident from the language of the Immunity Act of 1860, supra, that the legislature did not intend to give such a comprehensive meaning to the words "witness" and "testimony" as used therein. It is evident that this act is applicable to one who testifies as a witness.

In People v. Nationwide News Service, Inc., et al., 172 Misc. 857, 16 N. Y. S. (2d) 232, it is said (p. 860):

"The protection granted by the statutes against prosecution or conviction of a defendant who discloses evidence in an investigation which may tend to incriminate him, is to secure to the citizen immunity from every species of self accusation implied in the brief but comprehensive language of the statutes."

This decision is distinguishable from the instant case which involves the interpretation of a Pennsylvania statute, limited in its scope and application.

Under the particular facts and circumstances of the case at bar the court felt that it was giving to defendant the benefit of the act of assembly in question when it instructed the jury as follows:

"The defendant admits the facts set forth in his written statement or confession which was offered in evidence. The testimony on behalf of the Commonwealth indicated that it was made voluntarily by the defendant. However, defendant gave evidence to contradict the fact that it was made voluntarily by him. Therefore, that feature of the case becomes a question of fact

for you members of the jury to determine from the evidence in this case. If you find that the confession was made through threats or under stress or some inducement held out by a person in authority, or otherwise improperly obtained, then it must be disregarded entirely by you. If you find that Officer Fitzgerald told defendant that this written statement or confession would not be used against him, or if you find that Officer Fitzgerald told him that he would be called only as a witness with regard to what is contained in that written statement or confession, then, likewise, you must disregard entirely that statement by defendant, or any other evidence relating thereto. If such confession, according to the facts as you find, was incompetent as such, but where the other competent evidence shows facts which prove to your mind beyond a reasonable doubt that defendant was engaged in bookmaking within the last two years, in the County of Lancaster, and is guilty as indicted in either or both these cases, then it is your duty to convict him as he is indicted."

Regardless of the Immunity Act of 1860, supra, there was sufficient evidence by other witnesses who testified against defendant to warrant a conviction. In Commonwealth v. Cameron, 229 Pa. 592, it was decided that article III, sec. 32, of the Constitution of Pennsylvania, relating to self-incrimination, does not confer on the witness an immunity from prosecution for an offense relative to which he has been compelled to testify. At page 596 of the opinion it is said:

"It is not necessary to define with exact precision what use of the testimony of the witness is prohibited; it is enough for present purposes to say that it is not impossible that a person who has been compelled to give evidence tending to criminate him may be convicted without any use whatever of that testimony. Nor is it to be implied from what is averred in a special plea in bar that it would be impossible to convict the defendant without the use directly or indirectly of the testimony he had given in the prosecutions above referred to."

As stated in Samler et al. v. Meyers & Co., 7 Dist. R. 147, 149, relating to immunity legislation, "Such legislation does not mean, and has never hitherto meant, that he should not be prosecuted at all. . . . If proof is available against him apart from his own testimony, he should be prosecuted."

And now, March 27, 1942, the rules to show cause why a new trial should not be granted in both cases, nos. 169 and 170, June term, 1941, which were tried together, are discharged.