**STATE of Missouri, Respondent,**

v.

**Patricia M. HOOK, Appellant.**

**No. 24947.**

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Philip H. Schwarz, St. Joseph, for appellant.

Alden S. Lance, Pros. Atty., Andrew County, Savannah, for respondent.

HOWARD, Presiding Judge.

Appellant was found guilty of a violation of Section 557.090, R.S.Mo. 1959, V.A. M.S., and sentenced to thirty days in jail. She has duly appealed to this court. Violation of this statute is expressly declared to be a misdemeanor and we have jurisdiction of this appeal. We shall refer to the parties as they appeared below.

Early in the morning of January 30, 1966, one Gerald V. Hook was discovered in Andrew County with his stepdaughter, Frances Bond, age 15 years. Hook was taken into custody and charged with molesting a minor in violation of Section 563.160 (unless otherwise specified, all statutory references are to R.S.Mo. 1959 and V.A.M.S.), which charge constitutes a felony. This charge was filed against Hook in magistrate court on January 30, 1966, by the prosecuting attorney of Andrew County. At about 3:00 a. m. on the morning of January 30, two members of the highway patrol returned Frances Bond to her mother's home in St. Joseph, Missouri. Her mother is Patricia Hook, the defendant herein. At this time the officers advised Mrs. Hook that her daughter would be needed as a witness against her stepfather. They testified that Mrs. Hook answered that the daughter would be available.

Frances Bond continued going to high school in St. Joseph for four days after this incident and then stopped going to school. On February 4, defendant took her by automobile to St. Louis and put her on a bus to go to the home of defendant's father in Marshall, Illinois, where she stayed. Gerald Hook's preliminary hearing was first set for February 8, 1966, but was continued to February 15 when it was held and he was bound over to circuit court. Two subpoenas were issued for Frances Bond, one for each hearing date, but the officials were not able to serve either one and she did not appear on either date. An information charging Gerald Hook with the felony of child molestation was filed in circuit court April 30, 1966.

The defendant, Patricia Hook, was charged in an information with the violation of Section 557.090, as follows:

"Alden S. Lance, Prosecuting Attorney, within and for Andrew County, in the State of Missouri, upon information and belief, and upon his official oath, informs the Circuit Court of Andrew County that on or about the 8 day of February, 1966, at and in said County of Andrew and State of Missouri, the defendant, Patricia Hook, did then and there unlawfully and willfully by removing and concealing, directly or indirectly, induce or attempt to induce a witness, to-wit: Frances Bond, her minor child, of whom defendant has sole legal custody, or which Frances Bond might be a competent witness, to absent herself or avoid a subpoena or other process, or to withhold her evidence, or did deter or attempt to deter her from appearing or giving evidence in the criminal cause wherein Gerald V. Hook is charged with a felony in Andrew County, Missouri contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

We are first met with a contention that the information is fatally defective because it charges numerous acts in the alternative rather than in the conjunctive. We believe that this complaint is well-founded. Our courts have many times held that where a statute forbids several distinct acts in the alternative, an information charging more than one act must make such charge in the conjunctive. These cases state that an information charging the commission of two distinct acts in the alternative does not constitute a charge of the commission of either act. See State v. Barr, 326 Mo. 1095, 34 S.W.2d 477; State v. Bostic, Mo., 285 S.W. 432; State v. King, Mo.App., 285

S.W. 794, and the many cases found in the Missouri Digest, Indictment and Information, ⊜72.

Section 557.090 reads as follows:

"Every person who shall, by bribery, menace or other means, directly or indirectly induce or attempt to induce any witness, or person who may be a competent witness, to absent himself or avoid a subpoena or other process, or to withhold his evidence, or shall deter or attempt to deter him from appearing or giving evidence in any cause, matter or proceeding, civil or criminal, and every such witness or person who may be a competent witness in any such case, who shall, directly or indirectly, accept, take or receive, or agree to accept, take or receive, any money or other valuable thing to absent himself, or avoid a subpoena or other process, or to withhold his evidence in any such case, every person offending against the provisions of this section shall be deemed guilty of a misdemeanor; provided, that if the case shall be a prosecution or proceeding against any person for a felony, the person so offending shall be punished by imprisonment in the penitentiary for two years, or in the county jail not exceeding six months, or by fine not less than one hundred dollars, or by both such fine and imprisonment."

This information charges defendant, in the alternative, with each and every act denounced by the statute. These alternatives are not synonymous, see State v. Bostic, supra, and State v. Reask, Mo., 409 S.W.2d 76; neither are they merely descriptive material as in State v. Reask. Here defendant could not know whether she was charged with inducing or attempting to induce the witness to absent herself or to avoid a subpoena or to withhold evidence or with deterring her or attempting to deter her from appearing and giving evidence. Even though we are mindful of the rule that in cases of misdemeanors the information is not required to be so precisely stated as in cases of felony, we are con-

vinced from the foregoing cases that the information in the case at bar is fatally defective and does not charge the commission of any offense and is not sufficient to advise the defendant of the charge against her so as to enable her to prepare her defense. See State v. Barlett, Mo.App., 394 S.W.2d 434, l. c. 436, where the court said:

"The test of the sufficiency of an information is usually said to be whether it contains all the essential elements or ingredients of the offense set out in the statute and clearly apprises the court and the defendant of what facts constitute the offense whereof the defendant is charged; and also, whether it would be a bar to subsequent prosecution for the same offense. The information should be reasonably understandable and make definite charges which are sufficient to clearly inform. Nothing which is material to the charge will be taken by intendment. In criminal cases all presumptions go in favor of innocence. The accused cannot be presumed to know and be apprised of that which is not clearly set forth. It devolves upon the pleader to set forth facts which bring the accused within the terms of the statute. State v. Mace, supra, Mo., 357 S.W.2d 923(3); State v. Cheney, Mo. App., 305 S.W.2d 892(2); State v. Murphy, 141 Mo. 267, 42 S.W. 936, 937. Thus it is that neither the court nor the defendant is required to go beyond the information in order to ascertain the crime with which defendant is charged nor to guess or speculate upon the meaning. This applies to misdemeanors as well as felonies."

The state seeks to defend this information by asserting that it is similar to informations approved in State v. Biebusch, 32 Mo. 276, and State v. Tummons, 225 Mo. App. 429, 37 S.W.2d 499. An examination of these cases shows that in each instance the word "and" was used and the word "or" was not used. Further, in each case a specific course of action by defendant is charged; neither attempted to charge each

and every act denounced by the statute. Thus in Biebusch, the charge was that defendant " * * * did, directly and indirectly, attempt, by bribing, to induce one William M. Polk to absent himself for the purpose of avoiding giving evidence in a certain cause * * * then pending * * *" While in Tummons, it was charged that defendant " * * * did, directly and indirectly, bribe and induce him, the said Sam Burks, the witness aforesaid, to absent himself for the purpose of avoiding giving evidence in the said cause * * *" Neither case in any way indicates that the information in the case at bar is proper.

■ What we have said requires the reversal of the judgment below. However, under the foregoing authorities it appears that the defendant is not entitled to dismissal but that a remand is proper. We therefore believe that we should consider the other contentions made in defendant's brief.

■ Defendant contends that she was unlawfully brought to trial in Andrew County because the state failed to prove that the offense was committed in Andrew County and that no proper venue existed in Andrew County. Article I, Section 18, Subparagraph (a), of the Missouri Constitution provides that a defendant is entitled to a "speedy public trial by an impartial jury of the county." Section 541.030, pursuant to this constitutional provision, provides: "Offenses committed against the laws of this state shall be punished in the county in which the offense is committed, except as may be otherwise provided by law." Defendant relies primarily on the case of State v. Poelker, Mo., 378 S.W.2d 491, wherein the defendant was prosecuted for filing a false state income tax return. He was charged in St. Louis County but the evidence failed to reveal any act of the defendant in the county. The evidence merely showed that the return was received in the revenue office in Jefferson City. Although defendant lived in St. Louis County,

no act of preparation or mailing in St. Louis County was shown. The supreme court held that since the evidence did not show that any act was committed in St. Louis County that no venue existed in that county. Thereafter, by Laws of 1965, page 661, Section 1, the General Assembly enacted what is now Section 541.033, V.A.M.S., which reads as follows:

"Persons accused of committing offenses against the laws of this state, except as may be otherwise provided by law, shall be prosecuted:

(1) In the county in which the offense is committed; or

(2) If the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occurred."

We note that the title of this Act was: "An Act relating to the place of prosecution for crimes when the acts of commission may take place in more than one county."

It is admitted that the defendant did not commit any act constituting any part of the alleged offense in Andrew County. She was not in Andrew County at any pertinent time. Anything and everything that she did in connection with her alleged offense took place either in Buchanan County or in the counties which she traversed on her way to St. Louis or in the City of St. Louis. The state relies on the above Section 541.033 and contends that the actions of the defendant resulted in the obstruction of justice in Andrew County because the state was deprived of the testimony of the witness Frances Bond at the preliminary hearing in Andrew County, and that therefore an element of the offense occurred in Andrew County. It is believed that this argument misconceives the effect of the above statute. The offense denounced by Section 557.090 was complete when defendant induced or attempted to induce her daugh-

ter to absent herself or when she induced or attempted to induce her daughter to avoid a subpoena, or to withhold evidence or when defendant deterred or attempted to deter her from appearing or giving evidence. Whether the actions were successful or unsuccessful is not material to a violation of the statute. Thus, we cannot say that the offense was committed in Andrew County or partly in Andrew County. Can we say that an element of the crime occurred in Andrew County? We do not believe so.

■ The statute does not attempt to define the word "element" and none of the dictionary definitions that we have found are helpful. As pointed out by the parties, there are no reported cases construing this statute. However, it is believed that the words "elements of the crime" are used in this statute as they are commonly used in the field of criminal law. In this field, when reference is made to the elements of an offense, such reference means the constituent facts of the offense, the occurrence of which must be alleged and proved by the state in order to sustain a conviction. All of the elements of an offense taken together describe and define the crime being considered. See State v. Jenkins, Mo., 213 S.W. 796, and State v. Barlett, Mo.App., 394 S.W.2d 434. Thus, in State v. Holtzclaw, Mo., 258 S.W.2d 666, it is stated to be an elementary principle of law that a criminal intent is the principal element of the offense of larceny. See also State v. Lasky, Mo., 133 S.W.2d 334, where the court also pointed out that the crime of robbery as denounced by Missouri statutes includes all of the elements of larceny. To the same effect, see State v. Parker, Mo., 324 S.W.2d 717. In State v. Washington, Mo., 357 S.W.2d 92, the court held that where all of the elements of the crime denounced by the assault statute were present, the defendant could be prosecuted for assault with intent to commit robbery, with malice aforethought, as well as under the robbery statute. In such a prosecution, intent is an essential element of the offense

and must be proved. See State v. Bazadier, Mo., 362 S.W.2d 603. Similarly, in State v. Ybarra, Mo., 386 S.W.2d 384, the court stated that age is the essential element in the crime of statutory rape.

From the foregoing, we conclude that the words "element of the crime" as used in Section 541.033, refer to the factors which are essential to be proved in order to support a conviction. These may be overt acts of the defendant or they may be subjective factors such as criminal intent. In either event, this section of the statute requires that one or more of them must occur in the county before prosecution can be had in that county. In the case at bar, it is conceded that defendant was not in Andrew County and did not perform any act in Andrew County and any intent which she may have had was not formed or possessed by her in Andrew County. Since it is not necessary to either plead or prove that the state was deprived of the testimony of Frances Bond in Andrew County in order to properly charge an offense under Section 557.090, or to sustain a conviction thereunder, we hold that the results or effects in Andrew County which may have been caused by defendant's actions in Buchanan County, do not constitute an element of the offense denounced by the statute. Consequently, the fact that defendant's actions in Buchanan County resulted in obstruction of justice in Andrew County does not establish venue in such county.

Our research has revealed a comparable situation in the case of People v. Vario, 165 Misc. 842, 2 N.Y.S.2d 611. There, the information alleged that the defendant in Kings County "incited and attempted to procure one Millie Handelman to commit perjury and to give false testimony" before the Grand Jury in Queens County. The fendant contended that since all of his acts occurred in Kings County there was no venue for criminal prosecution in Queens County. The court held that venue was proper under a New York statute which read: "When a crime is committed, partly in one county and partly in another, or the

acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county." The court emphasized that this statute authorized venue where the effects of the criminal act resulted. If Missouri had a similar statute, we might reach a similar conclusion. However, Missouri does not have a similar statute. Our statute as above set out does not refer to the effects or consequences of the criminal act and therefore does not authorize a result in this case similar to that arrived at in People v. Vario, supra.

In the case at bar defendant also contends that the state failed to prove that "any cause, matter or proceeding, civil or criminal" was pending on February 8, 1966, as charged in the information. The procedural facts are that a complaint against Gerald V. Hook charging commission of the felony of child molestation was filed by the prosecuting attorney of Andrew County in the magistrate court of that county on January 30, 1966. The preliminary hearing under this complaint was originally set for February 8, 1966. This hearing was continued to February 15, 1966, when it was held and Hook was bound over to the circuit court.

Defendant relies on the case of State v. Ballard, Mo.App., 294 S.W.2d 666, in support of her contention that no matter was pending at the time defendant is alleged to have committed the offense charged, and that therefore her actions do not constitute a violation of the statute. In State v. Ballard, the defendant had been arrested and taken before the circuit attorney in the City of St. Louis. The circuit attorney was then considering the matter but had not yet presented the matter to the Grand Jury at the time defendant was alleged to have violated this statute. The court held that the mere consideration by the office of the circuit attorney and before a determination had been made to institute criminal charges did not constitute the pendency of a "cause, matter or

proceeding" and therefore the action of the defendant at such time could not constitute a violation of the statute. We note that in this case the court stated that if a matter was being investigated by the Grand Jury, such investigation would constitute a "cause, matter or proceeding."

In State v. Tummons, 225 Mo.App. 429, 37 S.W.2d 499, defendant was charged with bribing a witness to leave the country to avoid testifying. The bribery was alleged to have occurred after the preliminary hearing before the justice of the peace and after the justice had filed his transcript in circuit court and the witness defendant was alleged to have bribed had been bound over as a witness to the circuit court, but before the prosecuting attorney had filed his information in the circuit court. The court concluded that in such circumstances there was a cause, matter or proceeding pending in the circuit court even though the information had not been filed and therefore prosecution for violation of the statute was authorized. In State v. Howard, 137 Mo. 289, 38 S.W. 908, the defendant had been arrested on a warrant issued by a justice of the peace on complaint of a private person. Defendant waived preliminary hearing and was bound over to answer any indictment which might be returned against him. After such binding over and before any indictment was returned the bribery was alleged to have occurred. The court held that in this situation no action was pending against the defendant and therefore his alleged act of bribery was not covered by the statute. We note that, at the time of the alleged bribery, no action had been taken by either the prosecuting attorney or the Grand Jury.

The statute does not require that a "cause, matter or proceeding, civil or criminal" be pending in the circuit court. This language is obviously intended to cover any matter or proceeding in which the testimony of a witness may be desired. Therefore, even though the criminal prosecution itself had not been commenced in the circuit court, there was unquestionably a

proceeding pending in the magistrate court of Andrew County on a charge of felony which had been regularly commenced by the prosecuting attorney. This procedure is authorized by law as well as indictment by the Grand Jury and in conformity with the statement of the St. Louis Court of Appeals in State v. Ballard, supra, we hold that this preliminary proceeding in the magistrate court of Andrew County is a "proceeding" under the statute. These preliminary proceedings had not progressed as far as they had in State v. Tummons, supra, but they had been filed by the prosecuting attorney and were pending. See State v. Biebusch, 32 Mo. 276. We therefore rule this contention of defendant against her.

Defendant next contends that instruction No. 7 (the state's verdict directing instruction) was erroneous because it permitted the jury to find defendant guilty on the basis of her refusal to tell the officers the whereabouts of her daughter at a time after she had been arrested and therefore at a time when she had a constitutional right to remain silent, under the decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). This instruction may be open to this contention in view of the evidence. The instruction follows the wording of the information with all of its alternatives and should therefore be reconsidered on retrial in light of what we have said concerning the information. Because the judgment below must be reversed on other grounds, we need not consider this contention further.

▆ Defendant also attacks instruction No. 6 which reads: "The Court instructs the Jury that, if the offense was committed partly in one county, including Andrew County, and partly in another, or if the elements of the crime occurred in more than one county, including Andrew County, then you may find that the offense was committed in any of the counties where any element of the offense occurred, including Andrew County." This instruction has

to do with venue and authorized the jury to find venue in Andrew County in the language of Section 541.033, supra. As heretofore pointed out, the evidence is not conflicting. There was no evidence showing any act of the defendant in Andrew County and as we have pointed out, there was no evidence showing that any element occurred in Andrew County. In the absence of any evidence to support the giving of such instruction, it was erroneous to give it. Likewise, where there is no conflict in the evidence, the question becomes one of law for the court and not one of fact for the jury. For these reasons, instruction No. 6 should not have been given.

For the foregoing reasons, the judgment below is reversed and the cause remanded for such further proceedings as the state may be advised to take.

All concur.