STATE of Missouri, Respondent,

v.

Larry MINNIX, Appellant.

No. KCD 26322.

Missouri Court of Appeals, Kansas City District.

Dec. 3, 1973.

R. M. Gifford, Gifford & Gifford, Green City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., PRITCHARD, J., and FRANK CONLEY, Special Judge.

FRANK CONLEY, Special Judge.

The defendant was convicted of mistreatment of children, Section 559.340 RSMo 1969, V.A.M.S., and the jury being unable to agree upon the punishment, was sentenced by the trial judge to three years imprisonment.

The appeal in this matter was originally filed in the Supreme Court. The cause was ordered transferred to this court in which jurisdiction is vested, Article V,

Section 3, Constitution of Missouri, as amended V.A.M.S.; Garrett v. State, 481 S.W.2d 225 (Mo. banc 1972).

The information charged that the defendant assaulted his two year old son on the 15th day of June, 1971, in Adair County, Missouri. On the Sunday prior to June 15, 1971, the child accompanied his parents on a visit to the maternal grandmother in Kirksville, Missouri, and according to the testimony of the child's mother, the child, while playing with his bike on the grandmother's porch, rolled down the steps, falling therefrom and as the boy fell the "bike tumbled on him. The child got up and didn't act like he was hurt or anything, didn't cry or anything." After returning to their home, the mother stated that the defendant indicated that he was going to spank the child for his carelessness with the bicycle and that the child ran out the trailer door, falling down a concrete step or two, scratching his legs and bruising his head. The mother testified that the defendant at that time was pursuing the child with a belt in his hand.

On the following Monday the child was taken by his mother to a baby sitter and the mother next had contact with this matter at the office of the Prosecuting Attorney of Adair County where she was interrogated with respect to the condition of her son and what had happened to him. The mother stated that preliminary to the questioning she was told that her child had been beaten and had been taken to the hospital. In that conversation the prosecuting attorney elicited from the mother that the defendant had struck the child with a belt and had hit the child across the head with his fists. During the trial the mother testified that she was too frightened and disturbed at the time of the questioning by the prosecutor to be aware of what she might have said, but that she probably did say that her husband, the defendant, had struck the child.

The baby sitter testified that the child had been taken to the hospital by a juve-

nile officer as a result of a phone call she had made. The juvenile officer testified as to bruises on the face and body of the child corroborating the testimony of the examining physician. The juvenile officer testified that the defendant stated that he had struck the child with a belt but that the injuries in question had occurred when the child "broke away from him and fell down the steps."

A complaint was filed on June 17, 1971. A preliminary hearing was held on August 19, 1971, and the defendant was bound over for trial in the Circuit Court.

On the 21st day of February, 1972, the prosecuting attorney filed Information in the Circuit Court of Adair County substantially in accord with the complaint which had originally been filed in Magistrate Court in June of the preceding year. This matter then came on for pre-trial conference and trial on February 22, 1972. At the pre-trial conference the attorney for the defendant asked the Court of its own motion to take judicial notice of what had occurred in the courtroom during a recess in the matter and that an order be entered requiring an examination under the statute with respect to determination of the defendant's competency to assist in his own defense and to determine whether or not he was capable of standing trial. Counsel for the defendant asked leave to file written request. The Court overruled the defendant's request for a mental examination stating that such request on the day of trial was not a timely application, and ordered the trial after overruling an oral request for continuance.

On this appeal the defendant raises the following:

1) The Court erred in refusing to postpone the hearing upon the parol application of defendant because the defendant did not have an opportunity to:

(a) View the information in advance of hearing to avoid surprise as to the charge.

(b) View the information to be apprised of the witnesses to be called against him.

2) The Court should not have permitted the endorsement of witness Mercer upon the information on the day of trial for the reason that the defendant had no opportunity to prepare defense to the testimony or to be apprised of what that witness might say.

3) The State did not prove directly or by implication where the offense occurred venue being jurisdictional, and

4) There was no nexus established between any act or conduct on the part of the appellant and the injuries to his son to justify a finding of guilty by the jury.

■ The contention that the Court should not have permitted the endorsement of witness Mercer is without merit. There was no surprise, the witness having testified at the preliminary hearing and the defendant being fully apprised of his testimony.

Appellant next contends that the State did not prove venue, thereby giving the Circuit Court of Adair County jurisdiction.

Section 541.033 RSMo 1969, V.A.M.S., states:

" 'Persons accused of committing offenses against the laws of this state, except as may be otherwise provided by law, shall be prosecuted:

(1) In the county in which the offense is committed; or

(2) If the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occurred.'

In determining whether any of the 'elements' of the crime occurred in Adair County, it is first necessary to define 'elements'. In State v. Hook, 433 S.W.2d

41, 46 (Mo.App.1968), this court defined 'elements of the crime' as:

'. . . refer to the factors which are essential to be proved in order to support a conviction. These may be overt acts of the defendant or they may be subjective factors such as criminal intent. In either event, this section of the statute requires that one or more of them must occur in the county before prosecution can be had in that county.'

From the transcript it is obvious that some elements of the offense occurred at appellant's residence in Millard, Missouri, which is in Adair County. See Rand McNally Highway Atlas, 1972, page 60."

At the trial the child's mother testified in this connection:

"Q. Don't you recall telling me that Bobby-Robert had raised a fuss in the car and didn't want to come in the house?

A. I might have said that, yes.

Q. Don't you also recall telling me that as a result of that your husband, Larry Minnix, was disciplining the child with a belt, striking him?

A. I could have said that, yes.

Q. Don't you recall telling me, Sharon, that Larry hit him across the head, probably harder than he intended to, but hit him on the head with his fist?

A. I probably said it, but I was scared. I didn't hardly know anybody was in that room.

Q. You did say it, didn't you?

A. Yes."

Sharon Minnix further testified as follows:

"Q. Did your husband, when he went to spank him, have a belt in his hand?

A. Yes, one of these flimsy ones, a little one."

■ This testimony referred to the incident causing the injury which occurred at appellant's home in Adair County.

■ Venue need not be proved beyond a reasonable doubt but may be established from the facts and circumstances in evidence. See State v. Bradford, 462 S.W.2d 664 (Mo.1971); State v. Kenyon, 343 Mo. 1168, 126 S.W.2d 245 (1938).

■ Appellant also contends that there was no nexus established between any act or conduct on his part and the injuries to his son. The Missouri Supreme Court in State v. Black, 360 Mo. 261, 227 S.W.2d 1006, 1010 (1950), held:

"A parent has the right to administer proper and reasonable chastisement to his child without being guilty of assault and battery, but if he administers unreasonable chastisement his act becomes unlawful. It is not the infliction of the punishment but the excess which constitutes the offense, and what this excess shall be is not a conclusion of law but a question of fact for the determination of the jury. And in making the determination of whether the punishment is moderate or excessive it must necessarily depend upon the age, sex, condition and disposition of the child with all the surrounding circumstances."

Alvena Shoop, the baby sitter for appellant's child, testified the child had bruises and scratches "on his face, over one eye and on his back and down his little legs" when he was brought to her on June 16, 1971.

Dr. Mercer testified that when he examined the child on June 16, 1971, he had the child hospitalized "because of multiple contusions, scratches and ecchymotic areas of various parts of the body."

Dr. Mercer further testified that some of the scratches showed evidence of heal-

ing and that some of the scratches and bruises had occurred at different times. However, he was sure that most of the injuries had occurred within a day or two before he examined the child on June 16, 1971.

The jury could reasonably find that the appellant had committed an assault and battery upon his son.

Turning then to appellant's first point that the Court erred in not granting a continuance on the morning of trial, it appears a continuance should have been granted. This was as a result of what occurred in chambers prior to the actual trial of this matter wherein at page 8 of the transcript the Court made inquiry: "I wonder about mental disorder of any kind", and the prosecuting attorney replied, "Well, Judge, I don't really believe there is anything any real case of any mental disease or defect, really. Quite frankly, I think he's just a hot head." Thereafter, at page 9 of the transcript appears this request made by the attorney for the defendant:

"At this time, if the Court please, we would suggest that the Court of its own motion take judicial notice of what has occurred in the Courtroom and the environs, the area surrounding it during the past hour, and that an order be entered requiring an examination under the statute with respect to the determination of his competency, the competency of the defendant to assist in his own defense and to determine whether or not he is capable of standing trial at this time. The only additional observation in 'that direction, if the Court please, is that we would ask leave of the Court to supply the record with a form of written application and proposed order in accordance with that particular statute."

Thereafter, the Court made inquiry as to whether counsel for the defendant was suggesting that the Court on its own motion order such an examination to determine whether the defendant is suffering from mental disease or defect. The Court noted that it is completely discretionary with the Court to order such an examination and that he did not feel that it was timely to make such an application on the day of trial. We cannot from the colloquy between counsel and the Court in Chambers, determine with certainty whether the defendant was claiming inability to proceed by reason of lack of competency or whether he was in fact raising a mental disease or defect excluding responsibility for his conduct at the time of commission of the offense. Chapter 552 RSMo 1969, V.A.M.S. specifically provides in Section 552.030, sub-paragraph 2:

"Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the defendant unless the defendant at the time of entering his plea to the charge pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty or at such later date as the court may for good cause permit, he files a written notice of his purpose to rely on such defense."

It is thereafter provided in Section 552.-030 RSMo 1969, V.A.M.S. sub-paragraph 4:

"Whenever the defendant has pleaded mental disease or defect excluding responsibility or has given the written notice provided in subsection 2, and such defense has not been accepted as therein provided, the judge or magistrate shall, after notice and upon motion of either the state or the defendant, by order of record, appoint one or more private physicians to make a psychiatric examination of the defendant, or shall direct the superintendent of a facility of the division of mental diseases to have the defendant so examined by one or more physicians whom the superintendent shall designate."

The information was not filed until February 21, and one day later, the day of trial, the defendant was formally

arraigned and a plea of not guilty entered. Accordingly, it was impossible to comply with the provisions of Section 552.030 RSMo 1969, V.A.M.S., wherein defendant is given a period of ten days after a plea of not guilty to enter a plea of not guilty by reason of mental disease or defect. The defendant, through his attorney, sought to raise the issue of mental disease or defect and asked leave to file a written motion with regard to same. The Court indicated that application made on day of trial is not a timely application and denied the request. This might, under most circumstances be proper assuming that the information had been filed, that the defendant had been formally arraigned and a plea of not guilty entered at some earlier date. The statute contemplates that within ten days of the arraignment and plea of not guilty, any intention to rely upon the defense of mental disease or defect must be given by written notice and that thereafter only with leave of Court having first been obtained. It is contemplated that if such notice is given within the ten day period as prescribed by 552.030 that there is no discretion vested in the Court but that he must order the examination in question prior to trial. The discretion comes into play only in the event that the intent to rely upon mental disease or defect is raised subsequent to the ten day period and it is discretionary at that time with the judge as to whether he will or will not permit the plea of not guilty by reason of mental disease or defect and order an examination. In this case, the request for a mental examination and for leave to file a written request for same was raised at practically the first formal opportunity to do so after the information was filed. The information having been filed on February 21, and the cause having been called for trial on the morning of February 22; and, at that time, the defendant through his attorney, raised with the Court his request for a mental examination. There is at that time, it falling within the ten day period, no discretion vested in the Court to deny the defendant's request for a mental examination. Accordingly, the denial of defendant's request was, in fact, a denial of a right which is accorded under the provisions of Chapter 552. This is buttressed further by the fact that the possibility of there being a mental disorder was discussed between the Court and counsel, and the prosecuting attorney indicated he doesn't believe there is a mental disorder, that the defendant is just simply a "hot head".

Again, at the time of sentencing, both the Court and the prosecuting attorney alluded to the possibility that the defendant needed psychiatric treatment. The prosecuting attorney, in his recommendation with reference to sentencing stated, "We . . . would recommend that Mr. Minnix be perhaps admitted to the State Hospital for psychiatric treatment and evaluation." The Court, in pronouncing sentence, stated:

" . . . I feel this record and this report (apparently the pre-sentence investigation report) indicates a need of psychiatric evaluation. . . . I'm going to make a recommendation to the State Department of Corrections that you receive psychiatric evaluation and psychiatric counseling . . ."

All of the foregoing indicates that a psychiatric evaluation as requested at pre-trial conference should have been granted. No written request for same, no written motion and no written notice to rely on the defense of mental disease were given as required and we do not countenance the raising of this defense on the morning of trial. However, where the Information was not filed until one day before trial, the question of mental examination must, of necessity, be treated differently.

For the foregoing, the cause is remanded for retrial.

All concur.