## BAREFIELD v. THE STATE.

1. An offer to bribe a justice of the peace, corruptly to decide a cause not then pending, but afterwards to be instituted before him, the bribe not being accepted, or the suit instituted, though indictable at common law, is not punishable by confinement in the penitentiary, under the statute of this State.

Error to the Circuit Court of Talladega.  Before the Hon. G. W. Stone.

THE defendant was indicted, for corruptly promising to give one Daniel Stewart, a justice of the peace, $25, to influence his decision in a certain controversy, or proceeding that might be brought before him, wherein said Miles Barefield was to be plaintiff, and W. H. Owen was to be defendant.

The indictment charges, that the defendant did corruptly promise to one Daniel Stewart, a certain gift, to wit, $25, to influence the decision of him, the said Daniel Stewart, in a certain proceeding which might be brought before him, the said Stewart, as a justice of the peace, wherein said defendant was to be the plaintiff, and William H. Owen was to be the defendant; he, the said Daniel Stewart, then and there being a judicial officer, to wit, a justice of the peace.

Upon the trial, the justice of the peace was introduced by the State, who testified that the defendant brought to him certain notes and accounts for collection, within the jurisdiction of a justice of the peace, and at the same time offered him one half the amount of the notes and accounts, if he (the justice) would give judgment in his (the defendant's) favor; which offer the justice refused to accept.

The court charged the jury, that if they believed any such offer was corruptly made, it constituted a promise, under the fourth section of the fifth chapter of the penal code, and the defendant was liable to be punished by imprisonment in the penitentiary; to which the defendant excepted.

The counsel for the prisoner requested the court to charge the jury, that they could not find the defendant guilty under the statute, unless the cause upon which the offer to bribe was to operate, was pending before the magistrate to whom the offer was made; which the court refused.

In the progress of the trial, it was ascertained, that the allegations in the indictment, " in a certain cause pending before him, the said Daniel Stewart, a justice of the peace, wherein said Miles Barefield was plaintiff, and William Burns and others were defendants," could not be sustained by the proof; and the court decided that the solicitor could take a *nol. pros.*, unless the defendant would allow the indictment to be amended, by alledging, "*in a certain proceeding to be brought before him, the said Daniel Stewart,* wherein the defendant was to be plaintiff, *and William H. Owen et al. were to be defendants,"* and decided, that he would bind the defendant over, unless he would consent to such amendment. The defendant excepting to the decision of the court, assented to the amendment, and proceeded with the trial. The defendant was convicted, and sentenced to the penitentiary for two years.

The cause being brought before this court by writ of error, the plaintiff in error assigns for error—

1. The charge of the court, upon the evidence.

2. The refusal to charge as requested.

3. In forcing the prisoner to consent to the amendment of the indictment, by deciding that if he did not, the solicitor

might enter a *nolle prosequi*, and that he would bind him over to answer a new indictment.

4. In not arresting the judgment on the motion made, because of the insufficiency of the indictment.

COCHRAN and SAYRE, for plaintiff in error.

ATTORNEY GENERAL, contra.

DARGAN, J.—The section of the act upon which this indictment is founded, is in the following language : " Every person who shall corruptly promise, or give to any executive, legislative, or judicial officer, after his election, or appointment, either before, or after he shall have been qualified, or shall have taken his seat, any gift, or gratuity whatever, with intent to influence his act, vote, opinion, decision, or judgment, on any matter, cause, or proceeding, which may be then pending, or may by law come, or be brought before him, in his official capacity, shall be punished by imprisonment in the penitentiary, not less than two, nor exceeding ten years."

We think that in order to consummate the crime under this act, it must be shown, that the cause or proceeding was pending before the officer, at the time the gift, or promise was made ; or that the cause, or proceeding, was afterwards instituted before the officer, or so instituted, that in the ordinary mode of proceeding, the same would come before him.

The evidence shows, that the offer made to the justice was rejected ; no suit had then been brought before him, nor was it shown that any suit or proceeding, was afterwards commenced. The mere proof of the offer, which was rejected, (no suit being then pending, nor any afterwards commenced,) is insufficient to make out the crime. We also think, that a mere offer, which is rejected, does not constitute a promise, or gift, under the statute. It is true, that an offer to bribe a judicial officer, is a high offence at the common law, and one that deserves severe punishment. It is an attempt to corrupt the fountain of justice, and to pervert the object and end of government. Such an offence was severely punished at the common law, and might well have been made a penitentiary crime. But we cannot come to the conclusion, that the stat-

ute intended to punish by imprisonment in the penitentiary, the mere offer to bribe. To perfect the crime, there must be an acceptance of the promise, or gift, either express, or implied. But if the bribe is rejected, the offence is punishable at the common law, by fine and imprisonment.

From this view it follows, that there is error in the charge of the court, and also error in refusing to arrest the judgment on the motion of the defendant, as the indictment does not aver, that any suit, or legal proceeding was then pending, or was afterwards instituted.

Let the judgment be reversed, and the cause remanded.

CHILTON, J.—I concur with the majority of the court in reversing the judgment of conviction in this case, because I believe the indictment is fatally defective, inasmuch as it does not aver that the matter about which the defendant attempted to influence the judgment of the justice, was within his jurisdiction. But I feel constrained to differ with my brethren, as to the construction which they place upon the statute under which the conviction was had. In my judgment, it is not indispensable that the matter, cause or proceeding, in which the decision, or judgment of the officer, is to be influenced by the bribe, should afterwards be actually brought before him, in order to constitute the offence. But if the party corruptly give, or promise any gift, or gratuity whatever, "*with intent to influence* the act, vote, opinion, decision, or judgment," of any officer, whether executive, legislative or judicial, on any matter, cause or proceeding, which may be then pending, *or may, by law, come, or be brought before him in his official capacity,* the crime is complete, although the matter never should come before such officer. The law, it is well remarked, abhors the least tendency to corruption; and at common law, attempts to bribe, though unsuccessful, were held indictable. 1 Russell on Crimes, 156; United States v. Warrall, 2 Dall. 184; Rex v. Plympton, 2 Ld. Raym. 1377; Rex v. Vaughn, 4 Burr. 2494, affirmed in Rex v. Pollman et al. per Lord Ellenborough, 2 Camp. 230. It is true, the intention to corrupt the justice in regard to his anticipated action upon the case, is not an offence which the law can punish; but when that intention is

evidenced by overt acts—when the promise is complete to confer upon the officer the reward, as a premium to incline him to act contrary to his duty, and in violation of the known rules of honesty and integrity, the defendant has done his part towards consummating the guilt, and the punishment inflicted is not disproportioned to the demerit of his crime. The matter, cause or proceeding, must be one which *may* come before him, that is, comes within his jurisdiction, or which may be brought before the officer, or which may be pending at the time of the corrupt promise. The legislature, I think, did not intend that the prosecution should depend upon the fact whether the officer actually had it in his power to carry out the corrupt agreement before the indictment was exhibited. It is sufficient, I think, that the subject matter upon which the bribe was to operate existed, and could legally be brought before the officer in his official capacity. The offence consists, in contemplation of the statute, in poisoning and corrupting the source and fountain of justice, and although the particular deleterious consequence designed to be effected by the parties has not ensued, the State nevertheless has an officer corrupted, and society has lost all protection for its rights, so far as the administration of the law by him is concerned. Let us suppose a case, to illustrate my idea. There exists a large number of demands against an individual, coming within the jurisdiction of the justice of the peace resident in the beat, before whom the suits to recover upon them must be brought, if brought at all. The debtor goes to the justice and corruptly bribes him to rid him of these demands, by deciding the causes when they shall come up, in his favor. But the suits are never brought; and why? The justice, under the influence of the corrupt agreement, has forestalled the creditors by an expression of an opinion, or a direct declaration as to how such cases would be decided, should they be brought before him, and they are thus driven into an abandonment of their claims. Here, then, we have the mischief designed to be remedied by the statute. It is manifest the same evil results as if the suits had been brought and corruptly decided, yet, according to the opinion of my brethren, the guilty agent who has thus purchased his exemption, is not liable to indictment under the

statute; and what is said of the justice, may be applied to all other officers, whether executive, legislative or judicial. I apprehended the legislature felt little less solicitude in preserving free from pollution the altar of justice, than the framers of the constitution did in regard to the purity of the ballot box; and so jealous were the latter, that by an express provision in the constitution, "every person is disqualified from holding any office or place of honor or profit under the authority of the State, who shall be convicted of having given, *or offered*, any bribe to procure his election or appointment." Art. 6, § 4. To conclude: In my opinion, if the State can show a *promise* on the part of the defendant to give to the justice a gratuity, with intent to influence his opinion, decision or judgment, upon a matter which properly came within his jurisdiction, and which by law could have been brought before him in his judicial capacity, he should be convicted. I think such construction accords with the spirit of our legislation upon the subject, as well as with the letter and policy of the act.