THE STATE, *Appellant*, v. HOWARD.

Division Two, February 2, 1897.

1. **Criminal Law**: ATTEMPTED SUBORNATION OF PERJURY: STATUTE. Attempted subornation of perjury under Revised Statutes, 1889, section 3670, must be in reference to a cause, matter or proceeding then pending.

2. ———: ———: ———. Where the attempted subornation, though by a person under recognizance, after preliminary examination waived by him, on a charge of felony, is in reference to his trial, if an indictment be found against him, it does not fall within the condemnation of the statute.

VOL. 137 mo—19

3. ———: STATUTORY CONSTRUCTION. Criminal statutes should be liberally construed in favor of the accused; he should not be subjected to their provisions by implication.

*Appeal from Moniteau Circuit Court.*

AFFIRMED.

*R. F. Walker*, attorney general, and *J. W. Hunter*, prosecuting attorney, for the state.

(1) A tender of a bribe to a justice of the peace, corruptly to decide a cause not pending, but afterward to be instituted before him, the bribe being declined, and the suit never undertaken, has been held indictable at common law, though not within certain statutes. 2 Bishop's New Crim. Law, sec. 89; *Barefield v. State*, 14 Ala. 603. (2) It has been held that penalties denounced against attempts to bribe "grand and petit jurors" are incurred by the offer of a bribe to a talesman not yet sworn as a juror, the opinion containing the following pertinent language: "The rule that penal statutes are to be strictly construed is not to be applied with such unreasonable and technical strictness as to defeat the very purpose of all rules of construction, which is to ascertain the true meaning and intent of the statute." *State v. McCrystol*, 43 La. 907; *State v. Glaudi*, 43 La. 914; *State v. Williams*, 135 Mo. —. (3) It has been held that indictment for attempt to bribe a legislative officer need not allege that the matter is pending or within the jurisdiction of the officer. *State v. Ellis*, 33 N. J. L. 102. (4) An indictment for conspiracy to bribe school trustee to appoint a certain person as teacher need not allege that a vacancy existed which could be filled. *Shirecliff v. State*, 96 Ind. 369. The same general doctrine is held in *Rex v. Vaughan*, 4 Burr. 2494; *State v. Pearce*, 14 Fla. 153. (5) Though

formerly disputed, it seems to be well settled that the offer of a bribe to a person not yet subpoenaed as a witness is within the law of attempts to corrupt witnesses. *State v. Biebusch*, 32 Mo. 276; *State v. Keyes*, 8 Vt. 57. (6) It is not fatal to this indictment if it does "only charge defendant with an attempt to procure or incite Price Hays to commit an offense upon a contingency that might never happen and in the trial of a contemplated indictment." 2 Bishop's New Crim. Law, sec. 89, and cases cited above; *State v. Williams*, *supra; State v. Keyes*, 8 Vt. 57; *State v. McCrystol*, 43 La. 907.

*Moore & Williams, W. M. Williams*, and *J. E. Hazell* for respondent.

(1) The demurrer to the indictment is placed under our practice upon the same basis as a motion to quash. The statutes and the cases speak indiscriminately of. demurrers and motions to quash. Section 4112 of the statutes prescribes that: "A demurrer to, or motion to quash an indictment shall distinctly specify the grounds of objection to the indictment; unless it does so it shall be disregarded, nor shall any reason be held to sustain said demurrer, or motion not specified therein." It has been expressly held that a motion to quash must be preserved by a bill of exceptions. *State v. Thruston*, 83 Mo. 271. The practice in civil cases does not apply. *State v. Risley*, 72 Mo. 609; *State v. Vincent*, 91 Mo. 662. The demurrer to an indictment is no more a part of the record proper than a motion to quash. It stands upon a different footing from a demurrer in civil cases. *State v. Risley, supra*. (2) The indictment is insufficient. It charges no offense. There was no case pending and might never be. The ruling of the trial court was predicated upon the case of

*State v. Joaquin*, 69 Maine, 218, which is the only
authority directly in point, that we have been able to
find. "An indictment under Maine Revised Statutes,
112, section 2, making it a crime to incite another to
commit perjury, which alleges that the act of perjury
was to be committed in a suit designed to be brought,
but which was not pending at the time of the finding of
the indictment and never had been pending, is bad."
But if the attempt alleged had been to get another
to commit perjury by going before a magistrate
or a grand jury for the purpose of inaugurating
a criminal proceeding by false swearing, the rule would
be different. The case is directly in point and sustains
the ruling of the trial court. The judgment below
should be affirmed.

BURGESS, J.—At the March term, 1895, of the
circuit court of Moniteau county, the defendant was in-
dicted by the grand jury of said county, for having, on
the fifteenth day of February, 1895, at said county, at-
tempted, by the offer of $100, to procure one Price Hays
to commit perjury as a witness at the trial of defendant,
in said circuit court, upon a charge of grand larceny,
should an indictment be preferred by the grand jury
against him for that offense, upon which charge defend-
ant was then under recognizance for his appearance be-
fore the circuit court of said county.

The indictment, leaving off the formal parts,
charges:

"That heretofore, to wit, on the 6th day of January,
1895, one Waid F. Howard, on complaint under oath
of John R. Weesen, charging the said Waid F. Howard
with the felony of grand larceny as follows, to wit:
That on or about the 4th day of January, 1895, in the
county of Moniteau and state of Missouri, Waid F.
Howard, five hogs of the value of forty-five dollars of

the goods and chattels of one John R. Weesen, then and there being feloniously did steal, take and carry away, said complaint being made before Jacob Scheerer, Esq., a justice of the peace for Willow Fork township in said Moniteau county. That said justice issued a warrant for the arrest of the said Waid F. Howard, which was delivered to the constable of said Willow Fork township in said county, and the said Waid F. Howard was thereupon duly arrested and brought before said justice on the 6th day of January, 1895, and thereupon, on the 9th day of January, 1895, the said Waid F. Howard waived an examination before said justice of the peace, and said justice of the peace thereupon took the recognizance of the said Waid F. Howard, binding him, the said Waid F. Howard, over for his appearance before the circuit court of Moniteau county, to answer any indictment that might be preferred against him, the said Waid F. Howard, and that at and upon the contemplated trial of said cause, in contemplation of an indictment to be returned in said circuit court by the grand jurors of said county, and issue joined thereon, it would become and be a material question whether the said Waid F. Howard had on or about the 4th day of January, 1895, purchased five hogs, and that one Price Hays was then and there a competent person who might by law be sworn or affirmed to testify in said cause.

"And the jurors aforesaid, upon their oaths aforesaid, do further present, that, the said Waid F. Howard, Gus Cole and William Cole, contrived and intending to prevent the due course of law and justice, afterward, to wit, on the 15th day of February, 1895, at the county of Moniteau, state of Missouri, did knowingly, willfully, corruptly and feloniously offer to one Price Hays, a valuable consideration, to wit, one hundred dollars, in lawful money of the United States, if he, the said Price

Hays, would, when duly sworn as a witness in said cause on the trial thereof, upon his oath willfully, corruptly and falsely depose and say that, the said Waid F. Howard, on or about the 4th day of January, 1895, bought, purchased and received said five hogs of him the said Price Hays. And the said Waid F. Howard, Gus Cole, and William Cole, then and there and thereby did attempt unlawfully, willfully, knowingly, corruptly and feloniously to procure, entice and induce the said Price Hays, for the consideration aforesaid, so offered as aforesaid, to knowingly, willfully, corruptly, feloniously and falsely swear and give in evidence upon the trial of the charge aforesaid, to and before the said circuit court and jury, upon his oath aforesaid, certain matters relevant and material to the charge aforesaid in substance and to the effect following, that is to say; that the said Waid F. Howard had, on or about the 4th day of January, 1895, bought, purchased and received said five hogs from him, the said Price Hays, and thereby commit willful and corrupt perjury, whereas in truth and in fact the said Waid F. Howard did not buy, purchase or receive said five hogs, or in truth and in fact any hogs whatever, from him the said Price Hays, and so the said Waid F. Howard, Gus Cole and William Cole, then and there well knew, and they the said Waid F. Howard, Gus Cole and William Cole well knew that the said evidence and testimony which they so as aforesaid attempted to procure, entice and induce the said Price Hays to so as aforesaid give under his said oath on the trial of said charge before the court and jury as aforesaid was and would be wholly and utterly false and untrue, and that he the said Price Hays in deposing and swearing to the same would commit willful and corrupt perjury, and so the jurors aforesaid, upon their oaths aforesaid, say that, the said Waid F. Howard, Gus Cole and William Cole, on the

said 15th day of February in the year aforesaid, at the county aforesaid, in the manner and by the means aforesaid, did attempt unlawfully, willfully, corruptly and feloniously to procure, entice and induce the said Price Hays to commit willful and corrupt perjury.''

At the January term, 1896, of said circuit court defendant filed a demurrer to the indictment which was sustained by the court, and the state appealed.

Section 3670, Revised Statutes, 1889, under which the indictment was drawn, reads as follows: ''Every person who shall, by the offer of any valuable consideration, attempt, unlawfully and corruptly, to procure or entice any other to commit willful and corrupt perjury in any cause, matter or proceeding, in or concerning which such other person might by law be sworn or affirmed, shall on conviction be punished by imprisonment in the penitentiary for a term not exceeding five years.''

It will be observed, that the indictment does not charge that the attempt to procure or entice Price Hays to commit perjury was in a cause, matter, or proceeding, but does in effect charge that the inducement offered to Hays was to commit perjury, on the contemplated trial of defendant upon an indictment to be thereafter returned against him by the grand jury. The words ''cause, matter, or proceeding,'' as used in the statute evidently mean some cause, matter, or proceeding pending at the time the offer to corrupt is made, and not to something that may be begun or instituted thereafter, which may never be done. At any rate, it is by no means clear that the statute is broad enough in its scope and meaning to include the attempt of one person to induce another to commit perjury in a cause, matter, or proceeding not then pending.

It is a well settled rule of construction of penal statutes, that nothing must be construed to be within them but what is fairly so.

As was said by SHERWOOD, J., in *State v. Schuchmann*, 133 Mo. *loc. cit.* 117: "Moreover, the statute is both penal and criminal, and therefore to be strictly construed; construed strictly as to those portions which are against defendants, but liberally construed in those which are in their favor; that is, for their ease and exemption. No person is to be made subject to such statutes by implication, and when doubts arise concerning their interpretation, such doubts are to weigh only in favor of the accused. Bishop, Stat. Cr. [2 Ed.], secs. 193, 194, 227."

In *State v. Joaquin*, 69 Maine, 218, defendant was prosecuted by indictment under a statute making it a crime to endeavor to incite another to commit perjury; the indictment alleging that the act of perjury was to be committed in a suit designed to be brought, but which was not then, and never had been, pending. The court said: "We think the case is not reached by the statute on which the indictment is founded. The true rendering of the statute is, that a person shall be liable who endeavors to procure a person to swear falsely, 'in a proceeding before any court, tribunal or officer created by law, or in relation to which an oath or affirmation is by law authorized.' The objection is that the suit or proceeding was not pending. It might never be commenced. Therefore it was an instigation to commit an offense upon a condition or contingency that might never happen. This was rather an ideal than a real offense, morally reprehensible no doubt, but not such as the law sees fit to notice."

So, under a law in Alabama making it a felony for any person to corruptly promise, or give to any legislative or judicial officer, after his election, any gift or

gratuity whatever with intent to influence his vote, opinion, decision, or judgment, on any matter, cause, or proceeding, which might be then pending, or might by law come, or be brought before him, in his official capacity, it was held, that in order to consummate the crime under the act, it must be shown, that the cause or proceeding was pending before the officer, at the time the gift or promise was made; or that the cause or proceeding was afterward instituted before the officer, or so instituted that, in the ordinary mode of proceeding, the same would come before him.

In the case at bar the offer to incite or induce perjury was upon condition that defendant was thereafter indicted for the offense for which he was then under recognizance, was not a "cause, matter or proceeding," under the statute, because not then pending; hence defendant was not guilty of any offense under the statute.

It follows that the demurrer was properly sustained. The judgment is affirmed. All of this division concur.

