STATE OF CONNECTICUT *vs.* FRANK VENTOLA.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 4th—decided April 7th, 1937.

*Walfrid G. Lundborg,* with whom was *William F. Geenty,* for the appellant (defendant).

*Samuel E. Hoyt,* State's Attorney, with whom was *Abraham S. Ullman,* Assistant State's Attorney, and, on the brief, *Spencer S. Hoyt,* for the appellee (the State).

AVERY, J. The accused was brought to trial upon an information charging him with offering to pay to Carmine Riolino the sum of $200 with intent to influence his testimony and conduct in a certain civil proceeding then pending. Upon his arraignment, he elected to be tried to the court and filed a motion to quash and a demurrer to the information. These motions having been overruled, the trial was had, and the accused found guilty and sentenced accordingly. The information was filed under General Statutes, § 6168, appended in the footnote. In his appeal, the accused assigns error in the action of the trial court

"Any person summoned or who may be used as a witness in any civil or criminal proceeding, or any person summoned to give a deposition, who shall accept or receive anything to influence his testimony or his conduct or to delay or hinder his appearance as a witness in such proceeding or to delay or hinder his appearance before the authority designated to take such deposition, or any person who shall give or offer anything to any such person, with intent thus to delay, influence or hinder him, or who, by any means, shall wilfully hinder or prevent, or attempt to hinder or prevent, any such person from appearing as a witness or from giving his testimony in any such proceeding or from giving his disposition, shall be fined not more than five hundred dollars or imprisoned not more than one year or both."

in denying the motion to quash and overruling his demurrer to the information; in finding and ruling that there was a civil proceeding then pending within the meaning of the statute; and that the accused under the facts found had been guilty of any offense under the statute.

From the finding of the court, the facts may be summarily stated as follows: The Hon. John K. Beach, state referee, was appointed by the Superior Court to hear evidence as to unprofessional conduct of attorneys in New Haven County, and report his findings to the grievance committee of the county bar. The defendant was employed to secure evidence by certain parties interested in procuring evidence for production before Referee Beach. Prior to June 29th, 1936, the grievance committee had instituted disbarment proceedings against Daniel Pouzzner, a member of the bar of New Haven County, and these proceedings were pending in the Superior Court on that date. The defendant believed that Carmine Riolino had knowledge of facts that would make him a material witness in the proceedings pending against Pouzzner. On the morning of June 28th, the defendant met Riolino and stated to him: "If you will give me an affidavit stating that you ran cases to Dan Pouzzner and got paid for it, I will give you $300—$200 when you go to see Beach and $100 when you go to court and testify against Dan Pouzzner." Riolino thereupon agreed to testify before Referee Beach if he was paid for doing so. The accused promised Riolino that he would receive full immunity. After this conversation, it was agreed that the accused would return that evening with the money. On the following day, he returned and stated to Riolino: "I have the $200. You will go to Judge Beach's office. You will receive the $200 when you sign the affidavit and when

you testify in court you will receive $100 more." He then produced $200 and counted it out, but before the money was delivered, he was apprehended. At that time, Riolino was working upon a federal relief project for wages. The accused knew when he made him the offer that Riolino had previously made an affidavit at the request of Pouzzner favoring him in the proceedings. The accused also knew that if Riolino testified before Referee Beach as the accused thought he would testify, Riolino might be used as a witness in the proceedings in the Superior Court.

The trial court concluded that the accused believed that Riolino had received payment for cases which he had solicited for Pouzzner and did not request Riolino to testify falsely concerning his activities in soliciting cases for Pouzzner. He did not know the contents of the affidavit given by Riolino to Pouzzner but believed that the affidavit was favorable to the latter. The conclusion of the court was that the offer was made with the intent to influence the testimony of Riolino in the disbarment proceeding and was in violation of the statute. The real contentions of the appellant on this appeal may be resolved into two: One contention is that the disbarment proceeding brought by the grievance committee against Pouzzner was not a civil or criminal proceeding within the purview of the statute. The statute applies to "any person summoned or who may be used as a witness in any civil or criminal proceeding." The rules of court provide for the suspension and disbarment of attorneys by the Superior Court. Practice Book, §§ 11 and 12. For misconduct not occurring in the actual presence of the court, a written complaint must be filed in court by the grievance committee or by an attorney by direction of the court. Upon the filing of such complaint, a rule to show cause shall issue to the accused, who

may make any proper answer within twenty days of the return of the rule, and shall have the right to be heard in his own defense and by witnesses and counsel. Unless otherwise ordered, such complaints are prosecuted by the state's attorney, and the rule states that they "shall be proceeded with as civil actions." While the action of the court upon such a complaint is not, in a strict sense, a criminal proceeding or a civil action (*In re Peck*, 88 Conn. 447, 452, 91 Atl. 274), it is carried on in a court of justice where witnesses may be called who are subject to the penalties of perjury for false swearing. *Chapman* v. *Gillet*, 2 Conn. 40, 45; *Arden* v. *State*, 11 Conn. 408, 413. From the decision of the court, the defendant attorney may appeal (*In re Durant*, 80 Conn. 140, 149, 67 Atl. 497), as may also the state's attorney as the representative of the public interest. *Grievance Committee* v. *Broder*, 112 Conn. 263, 268, 152 Atl. 292. In *Hale* v. *Henkel*, 201 U. S. 43, 46, 26 Sup. Ct. 370, it is stated that the word "proceeding" is not a technical one, and is aptly used by courts to designate an inquiry before a grand jury. In *State ex rel. Russell* v. *Superior Court*, 77 Wash. 631, 138 Pac. 291, the word was held to include proceedings for contempt committed out of the presence of the court. In *State ex rel. Carleton* v. *District Court*, 33 Mont. 138, 142, 82 Pac. 789, it is stated: "The term 'proceeding,' as ordinarily used, is generic in meaning and broad enough to include all methods involving the action of courts, whether controversies properly termed 'actions' or 'special proceedings,' as distinguished from them." The word is broader than the word "action" and clearly such a case as the one before us constitutes a "civil proceeding" within the intent of the General Statutes, § 6168.

The principal contention of the appellant is that no violation of the statute was shown because it did

not appear that the accused was endeavoring to procure Riolino to testify falsely, and numerous cases are quoted arising under statutes prohibiting perjury. Our statute, however, is much more comprehensive. It is a combination of two statutes passed in 1877 and 1895, respectively. Public Acts, 1877, Chap. 4; Public Acts, 1895, Chap. 132. In its present form, it prohibits the giving or offering of anything to a person summoned or who may be used as a witness in any civil or criminal proceeding, or any person summoned to give a deposition, with the intent to delay, influence or hinder him. It is unnecessary that the thing offered or given is to induce a witness to testify falsely. It is sufficient if it were given with intent to influence his testimony or conduct. In the common acceptation of the term, the verb "influence" means to "alter," "move," "sway" or "affect." Webster's New International Dictionary (2d Ed.) p. 1276. If the promise or payment were made with the intent to affect the testimony or conduct of the prospective witness so that he would thereby be induced to testify more or less favorably to a party than he otherwise would have done, an intent to influence within the meaning of the statute exists.

The trial court concluded that the offer was made with this intent and the subordinate facts fully support this conclusion. In the exercise of reason, the trial court could hardly have concluded otherwise than that the offer of payment of $200 to Riolino, a relief worker, for testimony before a referee, and $100 additional for testimony in court was intended to influence the testimony. There is no basis in the record for an inference that such offer could have been made to cover any legitimate or reasonable expense of the prospective witness in attending the trial or for any proper or legitimate purpose. The conclusion is in-

escapable that the offer was made to influence Riolino to testify less favorably to Pouzzner than he otherwise would have done.

The assignments of error based upon the action of the trial court in overruling the demurrer and denying the motion to quash are without merit. The information charged the offering of a payment, and that the offer was made with intent to influence the testimony or conduct in these proceedings. This was sufficient. The rules for pleading in criminal cases (Practice Book, § 301) state that an indictment or information is valid and sufficient if it charges an offense in one or more of the following ways: (a) By using the name given to the offense by the common law or by a statute; (b) by stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

There is no error.

In this opinion the other judges concurred.