STATE of Missouri, Respondent,

v.

Jack BALLARD, Appellant.

No. 29410.

St. Louis Court of Appeals. Missouri.

Oct. 16, 1956.

F. Neil Aschemeyer, Richard L. Daly, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Sidney Faber, Asst. Pros. Atty., St. Louis, for respondent.

GEORGE P. ADAMS, Special Judge.

A jury in the St. Louis Court of Criminal Correction found defendant guilty of intimidating a state's witness under the first portion of Section 557.090 RSMo 1949, V.A.M.S. (all statutory references are to RSMo 1949, V.A.M.S., unless otherwise noted). His punishment was set at six months imprisonment in the city workhouse. Following an unsuccessful motion for a new trial, defendant appeals.

On June 13, 1954, Mrs. Helen Weichelt was employed as a waitress in a cocktail lounge in the City of St. Louis, Missouri. About 1:15 a. m. on that day, while Paul Baykowski was threatening Donald Syberg with a pistol, Sgt. Lee Soette of the St. Louis Police Department entered the lounge and ordered Baykowski to drop his pistol. He refused to do so and fired a shot at Sgt. Soette, missing him, but striking a patron of the lounge. Sgt. Soette thereupon shot Baykowski five times. He then placed him under arrest.

Later on the same day the "matter" was presented to the Circuit Attorney's office. The First Assistant Circuit Attorney testified that the "case" of Paul Baykowski, "who was charged with assault with intent to kill" was "taken under advisement". He told the officers he would present it to the Grand Jury at the first opportunity.

On June 19, 1954, defendant, who had been in the lounge on frequent occasions with Baykowski, told Mrs. Weichelt that when she went to court, if she didn't say that she had seen Paul take the gun away from Don, she would get the same thing that Paul got.

On June 25, 1954, the First Assistant Circuit Attorney "personally presented" the "case" to the Grand Jury. On the same day Mrs. Weichelt appeared as a witness for the state before the Grand Jury.

The information charged that defendant, knowing Mrs. Weichelt had witnessed the assault, did, on June 19, 1954, when Baykowski "was under arrest on the charge of assault with intent to kill, a cause, matter and proceeding which was then and there pending" before the Grand Jury, attempt to induce her to withhold evidence in said cause, matter and proceeding by declaring that, "If you know what is good for you when you go over to Court, you will say that you saw Paul take the gun away from Don, if you don't, you will get the same thing that Paul got."

Defendant filed a motion to quash the information which was overruled. The only ground of the motion which is preserved on this appeal is that the information was defective because it did not allege that at the time the offense was committed "there was a case pending in any court of competent jurisdiction against anyone * * *".

At the close of the State's evidence, defendant requested in writing that the Court instruct the jury to return a verdict of not guilty. This was designated an "instruction in the nature of a motion for a directed verdict" and was refused.

The defendant did not take the stand, nor did he offer any evidence.

It is defendant's contention that the information did not allege, nor did the evidence prove that at the time the charged offense was committed there was any "cause, matter or proceeding, civil or criminal, pending in any court of competent

jurisdiction against any person", and that, therefore, his motion to quash the information and motion for a directed verdict should have been sustained.

Section 557.090 provides, in part, as follows:

> "Every person who shall, by bribery, menace or other means, directly or indirectly induce or attempt to induce any witness, or person who may be a competent witness, to absent himself or avoid a subpoena or other process, or to withhold his evidence, or shall deter or attempt to deter him from appearing or giving evidence in any cause, matter or proceeding, civil or criminal * * * shall be deemed guilty of a misdemeanor; provided, that if the case shall be a prosecution or proceeding against any person for a felony, the person so offending shall be punished by imprisonment in the penitentiary for two years, or in the county jail not exceeding six months, or by fine not less than one hundred dollars, or by both such fine and imprisonment."

Instead of charging merely that Baykowski was under arrest on the date of the attempted intimidation of the witness, as defendant contends in his argument, the information alleged that the *charge of assault with intent to kill* was a cause, matter and proceeding then and there pending before the grand jury. In other words, that the grand jury had under inquiry said charge of assault with intent to kill. The state, therefore, does not rely on a mere arrest as being the cause, matter and proceeding from which the witness was to withhold her evidence; but rather, a grand jury inquiry.

Two fundamental and decisive issues, therefore, are raised by defendant's motions to quash the information and for a directed verdict. First, is a grand jury inquiry a "cause, matter and proceeding" within the statute; and, second, if so, must the incident or affair from which the witness is to withhold evidence be pending before, and actually under consideration by the grand jury at the time the alleged attempt to intimidate a witness is made.

The first question has never been passed on in Missouri. Outstate authorities, however, are respectable in quantity and persuasive in quality, holding that a grand jury inquiry is a "proceeding". In re Hale, C.C., 139 F. 496, 502; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 375, 50 L.Ed. 652; Wilson v. United States, 8 Cir., 77 F.2d 236, 240(10); United States v. New Departure Mfg. Co., D.C., 195 F. 778, 779 (2); Koonck v. Cooney, 244 Iowa 153, 55 N.W.2d 269, 270(1); State v. Ventola, 122 Conn. 635, 191 A. 726, 728, 110 A.L.R. 578, 580; People ex rel. Nuccio v. Eighth Dist. Prison Warden of City of New York, 182 Misc. 654, 45 N.Y.S.2d 230, 231(1); Flanary v. Commonwealth, 113 Va. 775, 75 S.E. 289, 293(4).

▮▮▮ Without losing sight of the established rule that criminal statutes must be strictly construed, we must look to the end sought to be accomplished, or evil sought to be suppressed in interpreting the intention of the legislature in the enactment of the statute under consideration. The rule of strict construction is not violated by according the language used by the legislature its full meaning in support of the policy and aim of the enactment. The rule does not compel a narrow or forced construction, out of harmony with the manifest purpose and intent of the statute or one which would exclude cases from it that are obviously within its provisions. State v. Schwartzman Service, Inc., 225 Mo.App. 577, 40 S.W.2d 479, 480(7); Abbott v. Western Union Telegraph Co., Mo.App., 210 S.W. 769, 770(3); Wilson v. United States, 8 Cir., 77 F.2d 236, 239, 240(7).

Section 557.090, and related sections, are contained in Chapter 557 entitled "Offenses Against the Administration of Justice". They all have as their purpose the promotion of the orderly administration of jus-

tice and the suppression of attempts to thwart or obstruct or undermine justice.

The formal administration of justice in the enforcement of criminal laws is commenced in several ways, among which is an inquiry before a grand jury—a body, and a potent and oftentimes indispensable arm of the court, empowered to subpoena witnesses, compel their attendance and take their testimony under oath; an inquiry where the witness' constitutional rights are safeguarded; a body whose functions are important in the administration of our criminal laws; a body who may refuse to return an indictment, and thus erase suspicion from an innocent person, as well as it might return an indictment against a guilty person.

The efficiency of this body is limited to the extent that witnesses are available to appear before it to speak the truth without fear of reprisal—to speak the truth in favor of the innocence of an accused as well as his guilt.

Anything which obstructs the procurement of witnesses, or, once procured, which restricts their freedom and willingness to speak the truth before any court or body charged with the enforcement of our laws, civil or criminal, is truly an offense against the administration of justice and within the contemplation of Chapter 557.

■ The importance of the functions of the grand jury in the chain of criminal procedure is so outstanding that we cannot say that the legislature intended to omit it from the protection of the statutes seeking to guarantee to witnesses security from intimidation and fear. An inquiry before a grand jury is a "cause, matter or proceeding" as used in Section 557.090 and related sections.

Defendant's insistence that "cause, matter or proceeding" is limited to "an information, indictment, or an affidavit upon which an accused has been charged before an examining magistrate as the basis for a preliminary examination" demands a strained, narrow and unduly restricted interpretation of the statute, contrary to, and out of harmony with its manifest purposes and intent; a construction which would permit the intimidation of grand jury witnesses with impunity—one which would destroy the effectiveness of grand juries and seriously hamper the administration of justice.

In support of his position that a grand jury inquiry is not within the statute, defendant relies on State ex rel. Butler v. Foster, 187 Mo. 590, 86 S.W. 245, 246. In that case, the grand jury was conducting a general inquiry as to whether bribery had been committed in connection with the passage of an ordinance in the City of St. Louis " 'by some person or persons unknown to said grand jurors' ". Relator paid a witness who had been subpoenaed to appear before the grand jury $10,000 to leave the state to avoid the giving of his testimony before the grand jury. An indictment was returned charging relator under Section 2041, Rev.St.1899 (now section 557.090). On the theory that the matter which the grand jury had under inquiry was a " 'prosecution or proceeding against any person for a felony' " within the proviso of Section 557.090, the circuit court had assumed jurisdiction. On application for prohibition to restrain the circuit court from proceeding because only a misdemeanor punishable by fine or imprisonment in jail was charged, the Supreme Court held that the words "prosecution" and "proceeding" were synonyms of each other and that neither of them could be held "to mean a mere inquiry by the grand jury as to the commission of an offense." In awarding the writ of prohibition, the Court said, 86 S.W. 251, "Without, then, passing upon the sufficiency of the indictment, we hold that upon its face it affirmatively demonstrates that the offense charged therein is not one of the class denounced in the proviso, and therefore not punishable by imprisonment in the penitentiary, and the defendant, if guilty, could only be punished as and for a misdemeanor," by imprisonment in the county jail, or by a fine or both, and that

"* * * the grand jury had a right to return the indictment, but the circuit court has no jurisdiction to hear and try the case; * * *." The indictment was ordered certified to the St. Louis Court of Criminal Correction "to try and determine the charges therein contained."

The decision was limited to the construction of the proviso. It did not purport to construe or interpret the first part of the statute. It does not, therefore, rule as defendant contends. It is consistent with our holding herein. A " 'prosecution or proceeding against any person for a felony' " is quite different from "any cause, matter or proceeding, civil or criminal" and justifies different treatment both as to class of cases covered and punishment prescribed.

■ A charge under the statute, however, is not complete simply because the person intimidated might be a competent witness before a court or body that thereafter might or might not take jurisdiction of a cause, matter or proceeding in which such person might be a witness. The cause, matter or proceeding, and in this case specifically, the grand jury inquiry into the charge of assault with intent to kill against Baykowski, must be pending at the time the alleged attempt to intimidate was made. State v. Howard, 137 Mo. 289, 38 S.W. 908, 909. The fact that the grand jury was charged with inquiring into, and might, therefore, assume jurisdiction over, all offenses against the laws of the State of Missouri committed in the City of St. Louis, does not mean that all such violations are "pending" during the term of the grand jury. It must actually have before it the specific matter in which the witness will be competent to testify.

In brief, the evidence most favorable to the state showed simply: Mrs. Weichelt witnessed an assault in the early morning of June 13; Baykowski was "placed under arrest" at the time by Sgt. Soette; later that day the "matter" was presented to an Assistant Circuit Attorney who took the "case" under advisement; the June Term of the Grand Jury was in session; on June 19 defendant told Mrs. Weichelt that when she went to court if she didn't say that she had seen something which she hadn't seen and thereby withhold her evidence of what she had actually seen, she would be shot; on June 25 the "case" was presented to the Grand Jury and Mrs. Weichelt testified for the State.

In the Howard case, under a state of facts much stronger in favor of the state than here, the Supreme Court affirmed the action of the trial court in sustaining a demurrer to an indictment.

In that case defendant had been indicted under Section 3670, Rev.St.1889 (now Section 557.080), for having attempted to procure another to commit perjury as a witness at the trial of defendant in the circuit court, should an indictment be preferred by the grand jury against him. The indictment alleged that on a sworn complaint charging defendant with the theft of hogs, a warrant was issued for his arrest by a justice of the peace; that defendant was arrested on the warrant and upon being brought before the justice waived preliminary examination and was placed under recognizance and bound over to appear before the circuit court to answer any indictment that might be preferred against him by the grand jury; that thereafter defendant offered one Hays $100 to testify " 'when duly sworn as a witness in said cause on the trial thereof,' " that defendant bought the hogs from him.

Section 557.080 provides as follows:

"Every person who shall, by the offer of any valuable consideration, attempt, unlawfully and corruptly, to procure or entice any other to commit willful and corrupt perjury to any cause, matter or proceeding, in or concerning which such other person might by law be sworn or affirmed, shall on conviction be punished by imprisonment in the penitentiary for a term not exceeding five years."

Both Sections 557.080 and 557.090 are found in the same chapter, relate to the same subject matter, have a common purpose, are aimed at the suppression of the same evil, contain identical language, i. e., "cause, matter or proceeding," and are to be read in pari materia.

In the Howard case the court held, 38 S.W. at page 909:

"* * *. It will be observed that the indictment does * * * charge that the inducement offered to Hays was to commit perjury, on the contemplated trial of defendant upon an indictment to be thereafter returned against him by the grand jury. The words 'cause, matter or proceeding,' as used in the statute, evidently mean some cause, matter, or proceeding pending at the time the offer to corrupt is made, and not to something that may be begun or instituted thereafter, which may never be done. * * *"

If the filing of a formal complaint under oath, the issuance of a warrant by a judicial officer, the formal arrest of defendant under the warrant, the granting (and waiver) of a preliminary examination, recognizing defendant and binding him over to appear before the circuit court to answer any indictment that might be returned, does not meet the requirement that a cause, matter or proceeding be pending, then certainly a mere arrest with the "case" being taken "under advisement" by the Circuit Attorney's office falls short of the designation "pending."

At the time the threat was made the grand jury may or may not have taken the matter under consideration and may or may not have returned an indictment and Baykowski may or may not have been brought to trial.

In alleging that Baykowski "on said 19th day of June, 1954, was then and there under arrest on the charge of assault with intent to kill, a cause, matter and proceeding which was then and there pending before the June Term of the St. Louis Circuit Court grand jury" the information sufficiently charged that there was a "cause, matter and proceeding" from which defendant attempted to cause the witness to withhold evidence and that the same was pending on June 19, 1954, the date alleged to have been the time that the witness was intimidated. The motion to dismiss was properly overruled.

█ However, the evidence showed that the grand jury did not have the matter under inquiry until, at least, it was "presented" by the Assistant Circuit Attorney on June 25, 1954. The "cause, matter and proceeding" was not, then, pending on June 19, 1954 when it is charged that defendant attempted to induce the witness to withhold evidence and no offense under Section 557.-090 was proved. State v. Howard, supra. Defendant's request for an instruction to the jury to return a verdict of not guilty should have been granted.

Defendant's complained of errors in the voir dire examination of the jury panel, in the admission of evidence and the giving of instructions need not, of course, be considered.

The judgment is reversed and defendant ordered discharged.

ANDERSON, P. J., and NICK T. CAVE, Special Judge, concur.