**STATE of Missouri, Appellant,**

v.

**Lonnie WILBUR, Respondent.**

**No. 55195.**

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 8, 1971.

Joseph P. Teasdale, Prosecuting Atty., Kansas City, for appellant; John M. Mahota Asst. Prosecuting Atty., of counsel on the brief.

James L. Crabtree, Melvin L. Kodas, Kansas City, for respondent.

WELBORN, Commissioner.

Appeal by state from judgment dismissing indictment for solicitation of bribe.

The Jackson County Grand Jury returned an indictment charging:

"* * * that at the County of Jackson and the State of Missouri, on the 13th day of December, 1967, one LONNIE WILBUR, whose more true and full name is unknown to the members of the Grand Jury, who, being at said time a member of the City Planning Commission of the City of Independence, Missouri, did then and there unlawfully, feloniously and intentionally ask, solicit, propose and offer to take certain consideration, to-wit: Fifteen Thousand Dollars ($15,000.00) in lawful money of the United States, under an agreement that his vote, opinion, judgment or decision as a member of the Independ-ence City Planning Commission, shall be given in a particular manner and upon a particular side, to-wit, in favor of a certain proceeding to rezone certain land located along River Boulevard between 43rd Street and U.S. Highway 40, in Independence, Jackson County, Missouri, from its present zoning classifications to other classifications permitting greater use of said property which certain proceeding was, under said agreement, to be brought before the said Lonnie Wilbur in his official capacity as a member of said planning commission; against the peace and dignity of the State."

In response to a motion for bill of particulars, the state acknowledged that the "certain proceeding" for rezoning, alleged in the indictment, was never commenced.

The defendant filed a motion to dismiss the indictment on two grounds: First, because the indictment failed to charge that the subject matter of the alleged solicitation was pending or brought before defendant, as required by Missouri statutes. Second: If the Missouri statute is interpreted to apply to an unfiled future application, such interpretation would render the statute so vague as to violate constitutional standards.

The trial court entered judgment dismissing the indictment. This appeal followed.

Section 558.090, RSMo 1969, V.A.M.S., provides, in part:

"Every judge or justice of any court, magistrate, member of the legislature, or officer or employee thereof, and any other public officer or employee of this state, or of any county or city, town, township or school district therein, who shall, directly or indirectly, ask, or solicit, or propose, or offer to take or receive any gift, consideration, gratuity or reward: First, under any agreement that his vote, opinion, judgment or decision shall be given for any particular person, or in any particular manner, or upon any particular side, or more

favorable to one side than the other in any election, matter, cause or proceeding which may be pending or be brought before him in his official capacity, or that he shall neglect or omit to perform any official duty or perform the same with partiality or favor, or otherwise than according to law; or second, for the performance of any duty imposed upon him by law; or third, in consideration that he will give his vote, opinion, judgment or decision for any particular side, or more favorably to one side than the other; in any question, election, matter, cause or proceeding, or neglect or omit to perform any official act or duty with partiality or favor, or in any wise contrary to law, shall be deemed guilty of a felony, * * *."

On this appeal the state acknowledges that no case in the appellate courts of this state has previously determined the application of § 558.090 to the solicitation of a bribe by a public official to influence his action in a matter which may come before him in the future. The state contends that the language of the statute, reasonably and grammatically, is broad enough to cover the charge against the respondent.

Respondent's construction of § 558.090, which was accepted by the trial court, is premised upon two bases: First, that the words "cause, matter or proceeding" have become "words of art" and indicate a formally filed matter to be under consideration of somebody. Second, the language "may be pending or be brought" applies only to proceedings pending or at least filed at the time of the alleged solicitation. There are three basic statutes dealing with the crime of bribery: § 558.010; defining the crime of giving a bribe, § 558.020, defining the crime of accepting a bribe and § 558.090, defining the crime of soliciting a bribe. With reference to the portion here under consideration, § 558.020 refers to "any question, election, matter, cause or proceeding which may be pending or be brought before him in his official capacity." § 558.090 refers to "any election, matter, cause or proceeding which may be pend-

ing or be brought before him in his official capacity."

Turning first to the respondent's second contention, as the state points out, if the language "may be pending or be brought" as used in § 558.090 is to be given the meaning contended for by respondent, the same language found in § 558.020 should receive the same construction insofar as future proceedings are concerned. Such construction would mean that an officer would not be liable for either accepting or soliciting a bribe if the matter was not pending before the officer at the time of the solicitation or the payment of the bribe. Only the person who gave (§ 558.010) or offered (§ 558.080) a bribe before the matter was formally before the officer would be criminally responsible.

The incongruity of such a system is particularly apparent in a case such as this. The act of an officer in soliciting a bribe of a citizen who is contemplating presentation of a matter to such officer could very well cause the citizen to decline to submit the matter to the official. The citizen would be deprived of the right to fair consideration of his claim, yet the official would have committed no crime.

Grammatically, the trial court's construction of the language in question would require the "be brought" portion of the statute to read "any question be brought" or "any question which be brought," neither of which is grammatically correct. Grammatically, the phrase "which may" must be read with "be brought" as well as with "be pending." Furthermore, the language "be brought" would have no practical meaning unless the provision is so read.

Respondent's other contention is that the language "cause, matter or proceeding" is a term of art, which has long been construed to mean a formally filed matter, under official consideration. For support of this position, respondent relies upon cases which have construed the language "cause, matter or proceeding" as employed

in statute defining attempts to corrupt witnesses. Section 557.080, RSMo 1969, V.A.M.S., requires that the attempt to corrupt be made to entice another to commit perjury "to any cause, matter or proceeding, in or concerning which such other person might by law be sworn * * *." In State v. Howard, 137 Mo. 289, 38 S.W. 908, this language was held to require that the attempt to corrupt be directed at a witness in a cause then pending. In State v. Howard, Howard had been arrested on complaint of a private citizen for stealing hogs. He had waived examination before the justice of the peace and been bound over to the grand jury. Howard was charged with having paid $100 to one Price Hays to testify upon his trial on the anticipated grand jury indictment that he had bought the hogs from him. The trial court sustained a demurrer to an indictment charging Howard with attempting to corrupt the witness. On appeal by the state, the Supreme Court sustained the trial court, stating: "The words, 'cause, matter or proceeding,' as used in the statute, evidently mean some cause, matter or proceeding pending at the time that the offer to corrupt is made, and not to something that may be begun or instituted thereafter, which may never be done." 38 S.W. 909. See also State v. Ballard, Mo.App., 294 S.W.2d 666; State v. Hook, Mo.App., 433 S.W.2d 41, construing similar language in § 557.090, on bribery of witnesses.

The absence of "be brought" language in § 557.080 and § 557.090 would seem to afford a basis for distinguishing those statutes from the one here under consideration. Respondent contends that such language, alone, does not permit of such a distinction. He argues that, as employed in § 558.090, RSMo 1969, V.A.M.S., the language does not alter the requirement that the matter be pending before the official at the time of the solicitation. The basis of this contention, primarily, is the reliance by the court in State v. Howard, supra, and later by the St. Louis Court of Appeals in State v. Farris, Mo.App., 229

S.W. 1100, upon the case of Barefield v. State, 14 Ala. 603.

Barefield was charged with offering a justice of the peace one half of the amount for which the justice would give him judgment on suits on accounts which he would bring before the justice. The justice declined the offer and no suits were brought in his court. Two of the three judges of the Alabama Supreme Court concluded that no offense was charged under the Alabama statute. They reasoned (14 Ala. 605):

"The section of the act upon which this indictment is founded, is in the following language: 'Every person who shall corruptly promise, or give to any executive, legislative, or judicial officer, after his election or appointment, either before, or after he shall have been qualified or shall have taken his seat, any gift, or gratuity whatever, with intent to influence his act, vote, opinion, decision, or judgment on any matter, cause or proceeding, which may be then pending, or may by law come, or be brought before him, in his official capacity, shall be punished by imprisonment in the penitentiary, not less than two, nor exceeding ten years.'

"We think that in order to consummate the crime under this act, it must be shown, that the cause or proceeding was pending before the officer, at the time the gift, or promise was made; or that the cause, or proceeding, was afterwards instituted before the officer or so instituted, that in the ordinary mode of proceeding, the same would come before him."

The third judge disagreed with their conclusion. He stated (14 Ala. 606):

" * * * In my judgment, it is not indispensable that the matter, cause or proceeding, in which the decision, or judgment of the officer, is to be influenced by the bribe, should afterwards be actually brought before him, in order to constitute the offence. But if the party corruptly give, or promise any gift, or gratuity whatever, 'with intent to influence the act, vote,

opinion, decision, or judgment,' of any officer, whether executive, legislative or judicial, on any matter, cause or proceeding, which may be then pending, *or may, by law, come, or be brought before him in his official capacity,* the crime is complete, although the matter never should come before such officer."

(Although the court in State v. Howard, supra, did not cite Barefield by name, this was obviously the Alabama case referred to by the court in support of its holding in Howard.)

The St. Louis Court of Appeals did cite Barefield in State v. Farris, supra. However, the essential deficiency in the charge in that case was that it related to a conspiracy to bribe candidates for the general assembly, not members of the legislature.

In other jurisdictions, courts have refused to follow the Barefield decision. See Commonwealth v. Lapham, 156 Mass. 480, 31 N.E. 638, 639; People v. Furlong, 140 App.Div. 179, 125 N.Y.S. 164, 167; People v. Markham, 64 Cal. 157, 30 P. 620, 49 Am.Rep. 700.

As respondent points out, in Markham the court distinguished People ex rel. Perley, 2 Cal. 564, also cited in State v. Farris, supra. The statute in Perley defined bribery as a payment or offer to an officer for "acting more favourable to one side than another in any suit, matter or cause, pending or brought before him." St.1850, p. 239. The earlier decision held that such language required that a specific legal proceeding have been either pending at the time or have been in fact commenced. The statute involved in Markham referred to an offer to influence the action of an officer "upon any matter then pending, or which may be brought before him in his official capacity * * *." West's Ann. Cal.Pen.Code, § 68.

Without any intention to overrule either State v. Howard or State v. Farris, supra,

the reasoning of the Barefield case is not acceptable, particularly as applied to the solicitation of a bribe. Certainly there is no reason to protect the officer whose solicitation has been refused simply because the person approached might have decided that pursuit of his remedy would be fruitless.

There is no doubt that the rule is well established that criminal statutes must be strictly construed and that no statutory criminal offense is to arise by implication. However, that rule does not require courts to ignore language which does describe the offense charged or to adopt a strained construction of applicable language to make it inapplicable. The language of § 558.090, supra, is broad enough to include solicitation of a bribe with respect to a matter within the officer's authority which is proposed to be presented in the future. The crime is completed upon solicitation of the bribe and does not require an actual pending matter before the official.

Respondent cites no authority in support of his proposition that such a construction of § 558.090, supra, renders the statute so indefinite as to violate constitutional guaranties. Frankly, we cannot conceive that any public official could reasonably believe, in the face of the language of § 558.090, that, if he made his solicitation before a matter was actually before him, he had done no wrong. We reject the argument on this basis as support for the action of the trial court.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.