Honorable James F. Conway Missouri Senate, District 6 c/o Senate Post Office State Capitol Jefferson City, Missouri 65101
Dear Senator Conway:
This is in reply to your request for an opinion of this office concerning the applicability of Section 563.374, RSMo 1969, Section 563.430, RSMo 1969, and Section 563.440, RSMo 1969, to advertisements and other promotional material for a consumer sweepstakes printed in Missouri but shipped out of the state for use elsewhere. Your specific questions in this regard are as follows:
 "1. First, would the printing of these materials violate Section 563.374, R.S.Mo., which provides, in part, that any person `who shall sell, store, possess or transport except in interstate commerce any . . . lottery tickets . . . or any other evidence of transactions incident to a lottery . . . shall be deemed guilty of a misdemeanor. . .'?
 "2. Section 563.430 seems to prohibit the advertisement of a lottery by any medium printed or circulated in Missouri, whether or not the lottery will be conducted in Missouri. We would like your opinion as to whether this section (or any other provisions of Missouri law) prohibit the printing of advertisements for an out-of-state lottery, if the advertisements are neither circulated nor published in Missouri.
 "3. Moreover, does the assessment of a fine under Section 563.440 against any person who `shall advertise or cause to be advertised for sale, or who shall print or publish an advertisement, or shall aid or assist, or be in anywise concerned in the sale or exposure of the sale of any lottery ticket or tickets . . . within this state or elsewhere . . .' apply to the transaction above described?
 "4. Lastly, if in your opinion the cited statutes do prohibit the transactions described can such statutes constitutionally be applied to prohibit the transactions herein described or would such an application be an unconstitutional abridgement of interstate commerce?"
As background to the above inquiries you have informed us as follows:
 "A nationally known Missouri corporation in connection with the promotion of its nationally known product, from time to time conducts consumer sweepstakes in states other than Missouri permitting such consumer games. We are assuming for purposes of this request that the sweepstakes would not be permitted in the State of Missouri. The company does not intend to advertise or conduct the sweepstakes in Missouri or other states where not permitted by local law. The company has obtained a favorable opinion from the federal postal authorities that the sweepstakes does not violate federal lottery laws.
 "The corporation would prefer to employ Missouri printers to print advertising and other promotional material used in connection with the sweepstakes, if that can be done without violating Missouri law. The materials could, if necessary, be shipped directly by the printers in sealed containers to the out-of-state locations where such materials would be used. We would appreciate an expression of opinion from your office concerning whether printing within Missouri of these advertisements and lottery promotional material for use outside the State of Missouri would violate the Missouri statutes that forbid sale, possession, or transportation of gaming devices and the sale or advertisement of the sale of lottery tickets."
Section 563.374 provides as follows:
 "Every person who shall sell, store, possess or transport except in interstate commerce any punchboard, slot machine, lottery ticket, roulette wheel, policy slip, book, list of numbers or any other evidence of transactions incident to a lottery, or any other gambling device, equipment or article, shall be deemed guilty of a misdemeanor. All such equipment, devices and articles are hereby declared contraband and may be seized by any peace officer to be disposed of as herein provided."
In Opinion No. 5 issued to Harold Bamburg on August 15, 1952, this office interpreted the provisions of the above statute in a factual context very similar to the one presented in your opinion request. The opinion stated that the selling, storing, possession and transportation in interstate commerce of any article incident to a lottery was not prohibited by Section 563.374. We believe that the reasoning of that opinion is equally applicable to the fact situation described in your request, and we conclude that Section 563.374 would not prohibit the printing of advertisements or other promotional material in Missouri for use in consumer sweepstakes conducted outside the state when the printed material is shipped directly to the out-of-state locations.
This office has also examined Sections 563.430 and 563.440 to determine their applicability to this fact situation.
Section 563.430 provides as follows:
 "If any person shall make or establish, or aid or assist in making or establishing, any lottery, gift enterprise, policy or scheme of drawing in the nature of a lottery as a business or avocation in this state, or shall advertise or make public, or cause to be advertised or made public, by means of any newspaper, pamphlet, circular, or other written or printed notice thereof, printed or circulated in this state, any such lottery, gift enterprise, policy or scheme or drawing in the nature of a lottery, whether the same is being or is to be conducted, held or drawn within or without this state, he shall be deemed guilty of a felony, and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than two nor more than five years, or by imprisonment in the county jail or workhouse for not less than six nor more than twelve months, provided, however, that this section shall apply only where there is consideration in the form of money, or its equivalent, paid to or received by the person awarding the prize."
Section 563.440 provides as follows:
 "Any person who shall sell or expose to sale, or cause to be sold or exposed to sale, or shall keep on hand for the purpose of sale, or shall advertise or cause to be advertised for sale, or who shall print or publish an advertisement, or shall aid or assist, or be in any wise concerned in the sale or exposure to sale of any lottery ticket or tickets, or any share or part of any lottery ticket in any lottery, or device in the nature of a lottery within this state or elsewhere and shall be convicted thereof in any court of competent jurisdiction, shall, for each and every offense, forfeit and pay a sum not exceeding one thousand dollars."
The primary rule of construction in regard to criminal statutes is that they are to be construed strictly and given no broader application than is warranted by their plain and unambiguous terms.State v. Raccagno, 530 S.W.2d 699 (Mo. 1975); State v. Alderman,500 S.W.2d 35 (Mo.Ct.App. at Spr. 1973); State v. Wilbur,462 S.W.2d 653 (Mo. 1971).
As a consequence of the above guidelines, the rule has developed that a criminal statute should not be construed to include individuals other than those specifically enumerated in the law. This rule was set out in State v. Hall, 351 S.W.2d 460 (K.C.Mo.App. 1961), when the court stated:
 ". . . A criminal statute is not to be held to include offenses or persons other than those which are clearly described and provided for both within the spirit and letter of the statute, . . ." Id. at 463.
See State v. McClary, 399 S.W.2d 597 (K.C.Mo.App. 1966).
An analysis of Section 563.430, RSMo, leads us to the conclusion that it applies to making, establishing, advertising, etc., lotteries in the state of Missouri whether the lottery is conducted within Missouri or outside this state. For instance, it would be illegal to advertise in Missouri a lottery conducted in another state, even if the lottery was legal in the other jurisdiction. However, we do not believe that the terms of the statute would prohibit the manufacture of articles relating to a consumer sweepstakes conducted outside Missouri when the articles are shipped directly in interstate commerce after their manufacture, and not used within this state for any purpose.
Section 563.440, RSMo, prohibits selling, advertising for sale, etc., any lottery ticket or device in the nature of a lottery, whether the lottery is conducted in this state or elsewhere. And, although this section differs from Section 563.430 in that it contains the phrase ". . . or who shall print or publish an advertisement . . .", we do not believe that this proviso in Section 563.440 would prohibit the printing of advertisements or other promotional material for a consumer sweepstakes conducted outside Missouri when the material is shipped directly in interstate commerce after it is printed, and not used in this state for any purpose.
The terms "print" and "printed" have been interpreted in a variety of ways by the Missouri Supreme Court. For instance, in the case of In re Publishing Docket in Local Newspaper,187 S.W. 1174 (Mo. Banc 1915), the court held the word "print" in a statute relating to the Supreme Court docket to mean the making of an impression with inked type. In reaching this result, the court distinguished the meaning of the term "print" from that of the word "publish", and concluded that under the provisions of the statute in question, it was not necessary to publish the docket in a local newspaper. Likewise, in the case of Ackermanv. Globe-Democrat Publishing Company, 368 S.W.2d 469 (Mo. 1963), the court distinguished the term "print" from the term "publish" as it was used in the context of that case. However, in the case of In re Publication of Docket of Supreme Court, 232 S.W. 454
(Mo. Banc 1921), the court completely reversed its decision inIn re Publishing Docket in Local Newspaper, supra, and adopted the dissenting opinion from the latter case as the holding of the court. In effect, the court in In re Publication of Docket ofSupreme Court, supra, held that the word "print" was susceptible to a variety of meanings, and in the context of its use in the statute relating to the Supreme Court docket, the term included the publication of the docket in a local newspaper. The positions taken by the court with respect to the meaning of the word "print" clearly show that the term has a variety of meanings depending upon the context in which it is used. See In re Publication ofDocket of Supreme Court, supra; State ex rel. Page v. Vossbrinck,257 S.W.2d 208 (St.L. Ct.App. 1953).
It seems clear that the purpose of Section 563.440 is to prevent a person from selling or advertising for sale in Missouri lottery tickets or devices in the nature of a lottery whether the lottery itself takes place in this state or elsewhere. The statute anticipates affirmative action in this state for the purpose of promoting a lottery. This interpretation of the legislature's intent with respect to Section 563.440 is bolstered by both the exception contained in Section 563.374, RSMo, allowing individuals to sell, store, possess or transport gambling devices, articles, etc., in interstate commerce, and the use of the term print in conjunction with the term publish in Section 563.440. Therefore, we conclude that in the context of Section 563.440 the term "print" must mean more than merely making an impression with inked type. We believe that the term "print" as used in the phrase ". . . print or publish an advertisement . . ." refers to the printing, and the dissemination of that material in this state for the purpose of advertising lottery tickets or any device in the nature of a lottery. Consequently, we do not believe that this statute would prohibit the printing of advertisements or other promotional material for a consumer sweepstakes conducted outside Missouri where the material is shipped directly in interstate commerce after it is printed, and not used in this state for any purpose.
In light of our conclusions with respect to Sections 563.374, 563.430, and 563.440, we find it unnecessary to respond to the fourth question presented in your opinion request.
CONCLUSION
It is, therefore, the opinion of this office that:
(1) Section 563.374, RSMo 1969 would not prohibit the printing of advertisements or other promotional material in Missouri for use in consumer sweepstakes conducted outside this state when the printed material is shipped directly to the out-of-state locations.
(2) Section 563.430, RSMo 1969 and Section 563.440, RSMo 1969 do not apply to or prohibit the printing of advertisements or promotional material in Missouri for use in consumer sweepstakes conducted outside the state when the printed material is shipped directly to the out-of-state locations.
The foregoing opinion, which I hereby approve, was prepared by my assistant, William F. Arnet.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 5 8-14-52, Bamburg